## THE STATE v. GOOCH, *Appellant.*

### DIVISION TWO.

1. **Criminal Law**: ABETTOR : EVIDENCE. Whether one present at the commission of an offense was there for the purpose of assisting therein, is ordinarily to be determined from the attending circumstances.

2. ———— : ———— : INSTRUCTION. An instruction, on the trial of several persons for a joint assault, is proper which directs the jury that if any one of the defendants actually made the assault and the others, or any one of them, was present aiding or encouraging, or ready, if necessary, to aid or encourage, the defendant or defendants actually making the assault, then the defendants so doing or so present are equally guilty with the one actually making the assault.

3. ———— : ————. One present at the commission of an assault and ready, if necessary, to aid therein is equally as guilty as the actual perpetrator.

*Appeal from Linn Circuit Court.*—HON. G. D. BURGESS, Judge.

AFFIRMED.

*A. W. Mullins* for appellant.

(1) The first instruction given for the state was erroneous. It was without evidence to support it. (2) The state's second instruction was also wrong. Even if defendant had mentally approved the acts of Nathan Gooch without, however, giving expression to such approval by act or word, this of itself would not have constituted a crime. *State v. Cox*, 65 Mo. 29; *State v. Hickam*, 95 Mo. 322; Wharton's Crim. Evid. [8 Ed.] 440. (3) Aside from the objections suggested to the instructions given to the jury, the defendant's motion for a new trial should have been sustained for want of sufficient evidence to support the verdict. *State v. Mansfield*, 41 Mo. 470; *State v. Daubert*, 42 Mo. 242; *State v. Marshall*, 47 Mo. 378; *State v. Chouteau* 91 Mo. 490; *State v. Castor*, 93 Mo. 242; *State v. Glahn*, 97 Mo. 678. (4) The verdict of the jury is vague and uncertain, and whether founded upon the charge in the indictment or not is entirely, I think, a matter of conjecture. The motion in arrest of judgment should have been sustained.

*John M. Wood*, Attorney General, for the State.

(1) The state's first instruction was properly given. *State v. King*, 78 Mo. 555. (2) The second instruction as to an accessory is correct. *State v. Hollenscheit*, 61 Mo. 302, and authorities cited; *State v. Testerman*, 68 Mo. 413; *State v. Phillips & Ross*, 24 Mo. 475; *State v. Miller*, 67 Mo. 607; *State v. Cox*, 65 Mo. 29; *State v. Miller*, 100 Mo. 606; R. S. 1889, sec. 3944. (3) The third instruction, as to words of reproach not justifying an assault, was correct. *Murray v. Boyne*, 42 Mo. 472; *State v. Griffin*, 87 Mo. 608; *State v. Curtis*, 70 Mo. 594. (4) The fourth and fifth instructions, upon the subject of self defense, were correct. *State v. Melton*, 102 Mo. 683; *State v. Hays*, 23

Mo. 287; *State v. Starr*, 38 Mo. 270; *State v. Partlow*, 90 Mo. 608; *State v. Gilmore*, 95 Mo. 554. (5) The evidence is not preserved in full in the bill of exceptions; only the substance or brief abstract of it being given. In such a case this court will not review the evidence. *State v. Fritterer*, 65 Mo. 422. (6) The court instructed fully and fairly on all the issues in the case.

THOMAS, J.—The defendant, Nathan Gooch, and Roland Gooch, Sr., were indicted in the Linn county circuit court, at the June term thereof for 1888, for a felonious assault upon S. P. Boyer, with intent to kill him. At the December term of that court, they were tried. Defendant was convicted and sentenced to pay a fine of $166.66⅔; Nathan Gooch was convicted and sentenced to pay a fine of $200, and Roland Gooch, Sr., was acquitted. Defendant, Alexander Gooch, alone appeals.

The bill of exceptions shows that " the state offered evidence tending to prove that on the second day of June, 1888, at the county of Linn, in the state of Missouri, the defendant, Nathan Gooch, purposely and intentionally, assaulted and struck one, S. P. Boyer, upon the side of the head with a large stick or club, and thereby inflicted upon him a severe and dangerous wound and injury, and that, in so doing, the said defendant, Nathan Gooch, was not acting in self-defense of his own person; and that the said S. P. Boyer was, at the time he was struck and injured, in the peace of the state, and not attempting to inflict violence upon any person; and that, at the time said defendant, Nathan Gooch, assaulted and struck said S. P. Boyer, the said defendant, Alex. Gooch, was present and near by, and that, after said Boyer was struck and knocked down by said Nathan Gooch by such blow, the defendant, Alex. Gooch, came up to said Boyer while he was down, and seized hold of him, and assaulted and used violence upon him; and that the evidence offered on the part of the defense tended to show that the said

defendant, Alex. Gooch, came up to said S. P. Boyer after he was struck by said Nathan Gooch, and while said Boyer was partly down, and took hold of him, said Boyer; but that he, said defendant, Alex. Gooch, did not use, or attempt to use, any violence upon said Boyer, and that he took hold of said Boyer for the purpose only of preventing him from drawing or using any weapon; and that said defendant, Alex. Gooch, tried to prevent violence and to restore peace at said difficulty.

"And, with respect to the said defendant, Nathan Gooch, the evidence offered on his behalf tended to show that he struck said S. P. Boyer one blow, or lick, with a stick or the end of a broken fence-stake, somewhat decayed, and that by such blow said Boyer was felled to the ground; but, at the time said defendant, Nathan Gooch, so struck the said Boyer, the said Nathan Gooch believed, and had good reason to believe, that the said Boyer was in the act of drawing a knife from his pocket, which was a dangerous or deadly weapon, for the purpose, and with the intention, of using the same upon the person of Roland Gooch, Jr., who is the brother of said defendant, Nathan Gooch, and who was present and only a few feet from said Boyer at the time; and that said Nathan Gooch struck the said S. P. Boyer such blow for the purpose of protecting and defending his brother, the said Roland Gooch, Jr., from injury by said Boyer.

"The state offered evidence tending to show that S. P. Boyer did not have a knife, or weapon of any kind, on or about his person at the time he was knocked down by Nathan with a club; that he did not make any movement for such purpose; that Nathan Gooch did not have any reasonable cause to believe that S. P. Boyer was then about to draw any weapon, or to use any weapon or violence of any kind on anyone; that, at the time Nathan Gooch struck S. P. Boyer with the club, he (Boyer) was standing still, with his back to Nathan Gooch; that, when the blow was struck by Nathan,

Alex. Gooch, the defendant filing this bill of excep-
tions, was over the fence from Nathan Gooch and S. P.
Boyer; that he at once jumped the fence, ran up to
where S. P. Boyer was lying on the ground, and jumped
on him, planting his knees on his breast and seizing
him, and that it required two men to pull him off of
Boyer, who was lying on the ground, apparently dead."

A reversal of the judgment in this case is sought
on the grounds that the evidence did not warrant a con-
viction, and that the court erred in its instructions to
the jury.

I.   According to the evidence, as shown by the rec-
ord, appellant did not strike the prosecuting witness
the blow for which, no doubt, he was convicted.   His
guilt rests upon his presence and his aiding and abet-
ting Nathan Gooch in the assault; and it is urged that
the evidence did not warrant his conviction upon that
theory; that there was no evidence that he aided and
abetted, or was present for the purpose of aiding or
abetting, Nathan Gooch in the infliction of the injury.
We think this point is not well taken.   Appellant and
Nathan Gooch were brothers, and, when Nathan Gooch
knocked Boyer down, appellant "jumped the fence, ran
up to where S. P. Boyer was lying on the ground, and
jumped on him, planting his knees on his breast and
seizing him, and it required two men to pull him off of
Boyer, who was lying on the ground, apparently dead."
Appellant says he interfered solely to prevent Boyer
from drawing a knife, to be used on Roland Gooch, Jr.,
another brother of his.

It is argued that no conspiracy between Nathan
Gooch and appellant to assault Boyer is shown.   There
is, it is true, no evidence that they got together and
entered into a formal agreement to make the assault.
But men do not ordinarily make public proclamation of
their criminal agreements and intentions.   Almost with-
out exception, these must be deduced from the circum-
stances in the case.   The appellant was present at the

The State v. Gooch.

time of the difficulty, why or how is not disclosed by the record. He did, in fact, interfere, as he says himself, to prevent Boyer from drawing a knife. It took two men to pull him off of the man, who was knocked down. Hence, the conclusion is almost irresistible that he was present to render assistance to his brother, if it became necessary, and, it seems, he deemed it necessary to interfere, and he did interfere for that purpose.

II.   Appellant's second contention is that the court misdirected the jury. The instruction complained of is as follows:   "The jury are instructed that, in order to convict all of the defendants in this case, it is not necessary that the jury should believe that each and all of the defendants actually assaulted or struck S. P. Boyer with a club, or that they even took hold of him, or even touched his person ; but if the jury believe from the evidence beyond a reasonable doubt, that any of the defendants actually assaulted and struck S. P. Boyer with a club, knocking him senseless and endangering his life, with the intention to kill him or do him great bodily harm, and further find that the other defendants, or any of them, were present aiding, abeting, encouraging, or ready if necessary to aid, assist or encourage, the defendant or defendants actually making such assault, if it became necessary to do so, then the defendant or defendants so doing, or so present, are equally guilty with the one actually making such assault, and the jury should so find."

We will notice two specific objections made to this instruction. *First.* It is claimed that it warranted the jury in convicting appellant if any of the defendants struck the blow and *any* of them aided in the striking without regard to whether appellant struck the blow or aided in the striking or not. This claim is based upon a misconception of the scope of the instruction. It is true the jury were authorized to convict if the defendants, or *any of them*, were present aiding or abetting ;

but this language is made clear and explicit by the concluding portion, which is in these words: "Then the defendant or defendants *so doing, or so present,* are equally guilty with the one actually making the assault." And, again, the jury was not misled by the phraseology of the instruction, as clearly appears from the verdict rendered by them. Roland Gooch, Sr., was present, but yet he was acquitted. Hence, it is manifest that the jury did not understand that they were to convict any defendant who was present whether he aided or abetted or not.

*Second.* The second objection to this instruction urged by appellant is in this language: "It is not the law as stated in said instruction in effect that if one of the defendants committed the alleged assault, and the other defendants were present, ready, if necessary, to aid, assist or encourage the defendant in making the assault, that such other defendants were, therefore, also guilty." If we understand correctly this objection, the alleged error consists in the use of the word *"ready."* The words ordinarily used in such connection are "for the purpose and with the intent to aid and assist, if necessary." But we think the words "ready, if necessary, to aid and assist" convey substantially the same meaning. Webster defines "ready" thus: *"First.* Prepared at the moment; not behindhand or backward when called upon; causing no delay for lack of being fitted or furnished. *Second.* Prepared in mind or disposition; not reluctant; willing; free; inclined; disposed." Hence, according to this definition, if defendant was "ready," if necessary, to assist his brother, he was prepared at the moment, was prepared in mind, was not reluctant, was willing, free, inclined and disposed, if necessary, to assist him. And, again, we may remark that the acquittal of one of the defendants proves that the jury interpreted this word correctly.

Finding no error in the record the judgment of the trial court is affirmed. All of this division concur.