ELI McMANNUS, JR., Plaintiff in Error, v. PRIOR LEE and TILMAN LEE, Defendants in Error.

1. *Joint Trespassers — Evidence — Complicity.*—Any person who is present at the commission of a trespass, encouraging or exciting the same by words, gestures, looks, or signs, or who in any way or by any means countenances or approves the same, is in law deemed to be an aider and abettor, and liable as a principal; and proof that a person is present at the commission of a trespass, without disapproving or opposing it, is evidence from which, in connection with other circumstances, it is competent for the jury to infer that he assented thereto, lent to it his countenance and approval, and was thereby aiding and abetting the same.

*Error to Third District Court.*

The facts sufficiently appear in the opinion of the court.

*E. L. Edwards*, for plaintiff in error.

I. In this case it is not necessary, in order to entitle the plaintiff to a verdict, to allege or prove a conspiracy.    If the goods of the plaintiff were wrongfully taken, and the defendants were present when they were so taken, and did not dissent from 'or oppose the taking of the goods, it was competent for the jury to infer that they thereby assented to the taking of the same, lent countenance to the taking thereof, and were thereby aiding and abetting the same.    (2 Hill. on Torts, 3d ed., ch. 33, § 9, pp. 292-3 ; Allred v. Bray, 41 Mo. 487 ; Freidenheit v. Edmunson *et al.*, 36 Mo. 226.)

II. There is no error in the instruction given by the Circuit Court on the part of the plaintiff.

III. The instruction asked by the defendants was properly refused.    It proposed to take the whole case from the jury, and is clearly against the law, as settled by authorities above cited.

*T. A. Sherwood*, and *James F. Hardin*, for defendants in error.

I. The Circuit Court clearly erred in giving the instruction asked by plaintiff. The court assumed a conspiracy and the designs thereof. (1 Greenl. Ev. § 111; 8 Mo. 710; 28 Mo. 491; 34 Mo. 98, 460; 35 Mo. 453; 37 Mo. 240.)

II. The Circuit Court erred in refusing the instruction asked by defendants.

WAGNER, Judge, delivered the opinion of the court.

Plaintiff commenced his action of trespass against the defendants in the Circuit Court of Dade county, where, upon a trial, he had a verdict and judgment in his favor, which, on appeal to the District Court, was reversed, and the case is now brought here for review on writ of error.

The alleged trespass set out in the petition was the taking from the plaintiff of a mare, saddle, and bridle. The facts disclosed by the record are briefly these: On the 2d day of August, 1862, a band of armed men, to the number of three or four hundred, came into the town of Greenfield, in Dade county, and drove the citizens into the court-house. The defendants were with them, armed, and acting just like the rest. Some of the band took the plaintiff's mare, saddle, and bridle; but there was no direct proof that the defendants, or either of them, either took the property, directed the taking, or approved of the same, or at any time had it in their possession.

Upon this evidence the court instructed the jury, for the plaintiff, that if they believed from the evidence that a body of armed men came into the town of Greenfield, Mo., about the 2d day of August, 1862, and arrested and took the citizens into the court-house, and that the defendants were around and present, acting in concert with the other armed men, and that some of the said band of armed men took the plaintiff's mare, saddle, and bridle, they should find for the plaintiff. The court refused an instruction asked for by defendants, to the effect that, admitting the evidence to be true, the plaintiff was not entitled to recover, because there

was no evidence of a conspiracy, such as would make the defendants liable for the acts of other persons. The giving and refusing of instructions constitute the only error relied upon. The instruction prayed for by the defendants asked the court to assume and declare that there was no evidence to support the plaintiff's action. This, I think, was erroneous, and therefore properly refused. In the case of the State v. Daubert, 42 Mo. 239, the rule in regard to the declarations and acts of co-conspirators, as affecting each other, was commented upon, but it was declared that the principle was not limited or restricted to criminal cases, but was a general one, applicable to a variety of cases, in all the departments of law, both civil and criminal. Wherever a combination is established in furtherance of an object, the act of one is the act of all. "There seems to be no principle of law better settled than that all persons who wrongfully contribute in any manner to the commission of a trespass, or, after the same has been committed for their benefit, assent to it, are responsible as principals, and each one liable to the extent of the injury done." (Allred v. Bray, 41 Mo. 484.)

The law is well laid down that any person who is present at the commission of a trespass, encouraging or exciting the same by words, gestures, looks, or signs, or who in any way or by any means countenances or approves the same, is in law deemed to be an aider and abettor, and liable as a principal; and proof that a person is present at the commission of a trespass, without disapproving or opposing it, is evidence from which, in connection with other circumstances, it is competent for the jury to infer that he assented thereto, lent to it his countenance and approval, and was thereby aiding and abetting the same. (Brown v. Perkins, 1 Allen, 89; 3 Greenl. Ev. § 41; Foster, 350; 1 Hale P. C. 438.)

But, on the other hand, it is to be borne in mind that mere presence at the commission of a trespass or other wrongful act does not render a person liable as a participator therein. If he is only a spectator, innocent of any unlawful intent, and does no act to countenance or approve those who are actors, he is not to be held liable on the ground that he happened to be a looker-on

and did not use active endeavors to prevent the commission of thè unlawful acts.    (Roscoe Crim. Ev., 2d ed., 201.)

Tested by the application of the above principles, it can scarcely be said that the instruction given for the plaintiff was unwarranted.    It is admitted that the trespass was committed.    The men were leagued and banded together, and all seemed to be acting to carry out some preconcerted movement or plan.    The defendants appear to have been armed like the others, and acting with them.    Their presence was actual, and their participation in the other acts of the armed assemblage is indisputable.    Under such circumstances the court very properly left it to the jury to say whether they were acting in concert and giving countenance to the unlawful taking.

The jury having found in the affirmative, there is nothing to justify a disturbance of the verdict.  The judgment of the District Court will be reversed, and that of the Circuit Court affirmed. The other judges concur.