## JORDAN v. HOVEY, *Appellant.*

**Action by Female Servant against Master for Persuading her to Consent to Illicit Intercourse:** INFANCY. A master persuaded his female servant to have sexual intercourse with his minor son, to whom she was at the time engaged to be married. The son afterward refused to fulfill his engagement. *Held*, that these facts afforded the servant no ground of action against the master.

*Appeal from Laclede Circuit Court.*—HON. R. W. FYANN, Judge.

REVERSED.

*Smith & Krauthoff* and *Ben. V. Alton* for appellant.

(*a*) If it is intended to make the alleged seduction of the plaintiff by the defendant's son, the *gravamen* of the action, the suit cannot be maintained. A woman cannot sue for damages for her own seduction. Dicey on Parties, p. 349; Hilliard on Torts, p. 512; *Hamilton v. Lomax*, 26 Barb. 615; *Woodward v. Anderson*, 9 Bush (Ky.) 624; *Paul v. Frazier*, 3 Mass. 71.

(*b*) Nor are any facts alleged in connection with the breach by Charles Hovey, of his promise to marry the plaintiff, which would make this defendant liable to plaintiff for damages. It is not alleged that the defendant had any knowledge of the existence of such promise, or that he did any act toward preventing its fulfillment. Nor is there any allegation of collusion or conspiracy between the defendant and Charles. The fact that Charles was then a minor does not render his father liable, nor would it excuse him, in an action for damages. *Conway v. Reed*, 66 Mo. 346.

(*c*) Nor is the defendant liable by reason of the relation of master and servant. A master is not bound to indemnify his servant from the consequences of an act which is *malum in se*, or which the servant knew to be unlawful, although done by him in obedience to his master's orders, as the servant was not bound to obey his master's orders in such a case; and the master is only bound to indemnify an innocent agent. Smith on Mast. and Serv., side pp. 121, 122, pp. 109, 110; Schouler's Dom. Rel., p. 618; Reeves' Dom. Rel., 355, 357; 1 Bishop Crim. Law, § 455.

(*d*) It cannot be pretended that a woman can recover damages from any person upon the ground that that person advised her to have sexual intercourse with another. The act of sexual intercourse between persons not married, being unlawful, neither party voluntarily assenting to the act, can be permitted to recover damages merely on account of participation in that act. If the circumstances under which the assent of the female was obtained were such as to make a case of seduction, the father, or perhaps the mother, of the woman, would have a remedy against the seducer for loss of services, etc. But this is not such a case. As against this defendant, the plaintiff is seeking to recover damages because she took his advice to commit an illegal act. She had no right to do this, and if she did so it was at her peril. The advice or command of the defendant, if given, placed her in no better or worse position than she would have occupied without it.

HOUGH, J.—The petition in this case states, in substance, that on the 15th day of July, 1875, and for six months prior thereto, the plaintiff was a servant in the hotel of the defendant; that soon after she became the defendant's servant, she and Charles Hovey, a minor son of the defendant, mutually promised each other marriage; that during the existence of said contract of marriage, the defendant unlawfully, wrongfully and negligently advised

and encouraged the plaintiff to have sexual intercourse with said Charles Hovey, assuring her that it would be neither criminal nor improper; that relying upon the advice of her master, the defendant, and upon the promise of marriage made to her by said Charles Hovey, she permitted Charles Hovey to have sexual intercourse with her twice, on or near the 4th day of July, 1875, and that on or about the 15th day of July, 1875, Charles Hovey violated and repudiated his promise of marriage, and refused to marry plaintiff. The petition concludes as follows: "That on account of the advice and negligent conduct of the said Eleazer Hovey, and the violation of the marriage contract by said Charles Hovey, this plaintiff was thrown out of employment for six months or more, and otherwise damaged in the sum of $5,000, for which she prays judgment with costs of suit." The plaintiff recovered judgment in the court below, and the defendant has appealed; and we are required to determine whether the facts stated constitute a cause of action against the defendant.

It is settled that a woman cannot maintain an action for damages against her seducer. *Roper v. Clay*, 18 Mo. 384; *Paul v. Frazier*, 3 Mass. 71; Dicey on Parties, p. 349; Hilliard on Torts, 512. Such is the rule at common law, and in the absence of any legislative enactment giving a right of action, the common law is declared by statute to be the rule of decision in this State. R. S., 3117. As the plaintiff could not maintain an action for her seduction against Charles Hovey, she cannot maintain an action against one who by immoral and impure advice aided and assisted in her seduction. The plaintiff, however, could have maintained an action against Charles Hovey for breach of promise for marriage, provided he did not interpose a plea of infancy, and her seduction might have been given in evidence in aggravation of damages. *Roper v. Clay*, 18 Mo. 383; *Wilbur v. Johnson*, 58 Mo. 600. But no reason whatever is alleged for holding the defendant responsible for the breach of promise of his son. It is not distinctly

alleged that he knew of his son's promise of marriage, and it does not even inferentially appear that he ever consented that his son should enter into the contract, or that he instigated him to a breach of it. The absence of these circumstances is not mentioned, because their presence would make the father liable, but to show how utterly groundless is the claim of the plaintiff against the defendant from that point of view.

Nor do we perceive how any right of action can accrue to the plaintiff by reason of the fact that the relation of master and servant existed between defendant and herself, at the time of his alleged misconduct. She was under no lawful constraint, as servant, either to hear or heed his corrupt counsel, and while, in a moral point of view, the existence of that relation undoubtedly adds to the turpitude of his conduct, yet neither the common law nor any statute of this State will warrant us in holding that such conduct on the part of master constitutes a violation of his legal obligations to the servant. We are all of opinion that the petition fails to state a cause of action against the defendant, and the judgment will be reversed.