WILLI, *Appellant*, v. LUCAS.

Division Two, May 31, 1892.

110   219
88a  361

110|  219|
164|  551|

1. **Principal and Accessory:** AIDING AND ABETTING. All who are present participating in an act by counsel or advice are, even in criminal cases, regarded as principals, and held liable as such.

2. ——: ——: EVIDENCE. It is not necessary to prove by direct evidence that a party advised an act or aided in its commission, but such fact, like any other, may be established by circumstantial evidence.

3. ——: ——: ——. The evidence in the case *held* to tend strongly to show that the defendant wilfully assisted in making an assault upon the plaintiff.

*Appeal from Montgomery Circuit Court.*—HON. E. M. HUGHES, Judge.

REVERSED AND REMANDED.

*Sol. Hughlett* and *John M. Barker* for appellant.

(1) The court erred in sustaining a demurrer to plaintiff's evidence, and in directing the jury to return a verdict for defendant. *Canifax v. Chapman*, 7 Mo. 175; *Page v. Freeman*, 19 Mo. 421; *Allred v. Bray*, 41 Mo. 484; *Murphy v. Wilson*, 44 Mo. 313; *Dowell v. Taylor*, 2 Mo. App. 329; *Holliday v. Jackson*, 21 Mo. App. 660, 666, 667. (2) The court erred in taking the questions of fact from the jury. R. S. 1889, sec. 2164. (3) The court erred in refusing to set aside the nonsuit, in refusing to grant a new trial, and in overruling plaintiff's motion in that regard.

*Emil Rosenberger* for respondent.

THOMAS, J.—This is an action for injuries to the plaintiff's person by reason of an assault upon her, her damages being laid at $10,000. The petition avers that the defendant together with one Isaac Willi, not made a party, shot her in August, 1888, with a pistol by which she was seriously wounded and injured. The answer was a general denial.

The evidence on the part of the plaintiff, preserved in the bill of exceptions, tends to show that on the twenty-ninth day of August, 1888, plaintiff left Montgomery City, in a single buggy, in company with her brother, sixteen or seventeen years old, and her little daughter, one year and a half old, to go to her mother's at New Florence, and when about two miles from Montgomery City, defendant who kept a livery stable, and Isaac Willi, the latter being plaintiff's husband, came up in a two-horse buggy, defendant driving the team, passed plaintiff and pulled the team across the road in front of plaintiff's horse. Isaac Willi then attempted to get out of the buggy, but

plaintiff's brother drove around the team in charge of defendant, and went off in a lope. Defendant again passed plaintiff, drove in front of her horse and stopped it. Plaintiff's brother drove around defendant's team again and went off in a lope, but defendant the third time passed her and crowded her horse into a fence corner. Her brother told defendant to get out of the way, and he replied, "Shut your damn mouth, I am driving this team according to orders." Willi then got out of defendant's buggy, caught plaintiff's horse by the bridle and shot plaintiff with a pistol, inflicting serious wounds upon her, saying, "God damn you, I told you I would kill you, and I have made my words good."

Plaintiff then begged defendant to take her in his buggy, which he did not do, but turned around and drove back to Montgomery City, leaving plaintiff, her brother, husband and baby there. The husband got into the buggy and told plaintiff he had killed her, and asked her to forgive him and kiss him, which she refused to do. Mr. Powell, the constable, coming up at this juncture, induced Willi to take his wife to a neighbor's house where she was cared for, till she could be taken home. Lucas sat in his buggy while Willi shot his wife, in such a position that he could not have seen plaintiff without looking out from the side of the buggy, the back curtain being down, and the hind end of the buggy being toward her. In the January following, Willi was killed while attempting to kill his wife. At the close of plaintiff's evidence, the court, at the instance of defendant, directed a nonsuit, and plaintiff appeals.

The court erred in directing a nonsuit. All present, participating in an act by counsel and advice, are, even in criminal cases, regarded as principals and held liable as such, and a party may be

charged with doing an act himself and be held liable under such a charge, for being present, aiding and assisting another in doing it. *State v. Orrick*, 106 Mo. 111; *Canifax v. Chapman*, 7 Mo. 175; *Page v. Freeman*, 19 Mo. 421; *Allred v. Bray*, 41 Mo. 484; *Murphy v. Wilson*, 44 Mo. 313; *Cooper v. Johnson*, 81 Mo. 483.

Nor is it necessary to prove by direct evidence that a party advised an act, or aided in its commission, but such fact, like any other, may be established by circumstantial evidence. *State v. Gooch*, 105 Mo. 392.

We cannot say as a matter of law, that defendant did not participate in this assault; indeed, the evidence tends strongly to show that he wilfully assisted Willi in making it. He stopped plaintiff's horse three times by driving across the road in front of it, and when asked to let it pass he replied in a way clearly indicating that he not only knew the husband's purposes, but that he intended to actively assist him in executing them. At all events, there was sufficient evidence to go to the jury on the issue whether defendant was present aiding, assisting, advising or counseling the assault, and the judgment is accordingly reversed and the cause remanded for new trial. All concur.