E. F. HAYCRAFT, Appellant, v. DOLLIE GRIGSBY et al., Respondents.

St. Louis Court of Appeals, April 9, 1901.

1. **Teacher and Pupil:** RIGHT OF TEACHER TO PUNISH PUPIL BY WHIPPING: REASONABLE PUNISHMENT. A teacher has a right to inflict reasonable punishment, for misconduct, by whipping.

2. ———: ———: ———: MALICE. But such punishment in any degree can not be inflicted maliciously, namely, without provocation. There is no such thing as reasonable punishment from a malicious motive.

3. ———: ———. It must be administered for a salutary purpose to maintain the discipline and efficiency of the school.

Haycraft v. Grigsby.

4. ——: ——: ——: AIDER AND ABETTOR. If excessive flogging or other punishment is inflicted, the teacher, and all who encourage, aid or abet him, are answerable, regardless of whether the motive which prompted him or them was malicious or not.

5. ——: ——: ——: DIRECTORS AS TORTFEASORS. If the school directors advise or encourage an immoderate whipping or assist in it, they are liable, whether their motive was malicious or not.

6. **Instruction**: DISPUTABLE PRESUMPTION: EVIDENCE: JURY. A disputable presumption should not be mentioned in instructions to the jury when there is evidence tending to disprove it.

Appeal from Audrain Circuit Court.—*Hon. Elliott M. Hughes,* Judge.

REVERSED AND REMANDED.

### STATEMENT OF THE CASE.

The defendant, Dollie Grigsby, was the teacher and the other defendants, James Thomas and Ollie Weller, were the directors of a public school in Audrain county. The plaintiff, a lad eleven years old at the time of the alleged assault which is the subject-matter of this action, was a pupil of the school. He was severely flogged on the tenth day of January, 1900. This action is to recover damages for his injuries on the theory that the punishment was cruel as well as maliciously inflicted. The two directors were made parties, because, it is averred, they advised, encouraged, aided and abetted the teacher in the infliction of the punishment. Their own evidence leaves no doubt that one of them, James Thomas, was an active participant and, if a wrong was done, he, and perhaps the other director, Ollie Weller, were joint tortfeasors. The circumstances in brief were these. On that day the directors had been called in by the teacher on account of some trouble with a boy named Gilbert

Moore.  Several other visitors were present in anticipation of their children being disciplined.  The school ran smoothly until the forenoon recess.  The plaintiff, Everat Haycraft was kept in at recess, for no misbehavior that he was guilty of at the time, but Miss Grigsby testified she did it in order that he might hear the lecture which the directors were to give to the boy Gilbert. She publicly stated in the presence of the school and the visitors that she had been annoyed by the plaintiff theretofore but had *conquered* him and since then he had been well disposed.  In the course of the forenoon she detected, or so claimed, the plaintiff talking to another boy and scratching his desk.  She told him to come forward and take a whipping; told him several times to do so and when he hung back started towards him. Thereupon, he took a piece of broomhandle out of his desk, brandished it and struck at her.  She recoiled and told him to take his books and go home.  Someone said he was too small to send home, whereupon, a pupil stopped him at the door.  The defendant, Weller, took hold of him and brought him back to the teacher who whipped him rather severely.  There was a recitation shortly, by the class to which he belonged.  In the course of it he was told to read what he had on his slate.  His teacher said he had his lesson nicely written out, which shows he had been studying.  The evidence of the plaintiff tended to prove that the boy was crying and sobbing and unable to read; the evidence for the defendants to show he was sulky. The teacher struck the slate out of his hand on to the floor and broke it.  She then gave him an extremely severe flogging, whipping him back to his seat and while he was huddled in his seat.   There was proof that she reversed the switch and struck him with the heavy end.   The evidence conclusively shows that the boy's arm and shoulder were badly striped and bruised, so that blue and green marks showed on them for days afterwards; perhaps as long as ten days.   There was also a lump raised on

his head the size of a walnut. The defendants claimed this was caused by his striking his head against the desk when dodging the licks. On the other hand, the plaintiff's witnesses testified unequivocally that the teacher struck him on the head. The testimony of his parents is that he was made quite ill by the punishment. Weller swore that he stopped the boy, when he was leaving the school room in obedience to the demand of his teacher, and brought him back to get a whipping. Thomas testified that he told the teacher while she was punishing him "to give it to him." He also swore that he did not think she gave him enough. The appellant complains of the exclusion of testimony offered for the purpose of proving the teacher had never been able to hold a position in a district for more than one term, her general conduct towards the pupils, unfair discrimination against the younger ones and similar matters.

Twelve instructions were given for the plaintiff and thirteen for the defendants. Four others requested by the plaintiff were refused.

*W. A. Edmonston* and *I. W. Boulware* for appellant.

While a school teacher has a legal right to inflict reasonable corporal punishment for the violation of reasonable rules, yet the teacher has no right under any circumstances to inflict excessive or unreasonable punishment, and the teacher is liable if he inflicts an unreasonable punishment or a punishment which the general judgment of reasonable persons would consider excessive. This was as far as a teacher could go in the darkest and most barbarous day. Not even the parents of children have the legal right to administer excessive or cruel punishment upon their children. 17 Am. and Eng. Ency. of Law, p. 362, and authorities cited; Lander v. Seaver, 32 Vt. 114; 76 Am. Dec. 156; Patterson v. Nutter, 78 Maine 512; 57 Am. Rep. 118;

State v. Boyer, 70 Mo. App. 156; 1 Bishop on Crim. Law (4 Ed.), sec. 886, p. 886; Wharton Crim. Law (9 Ed.), sec. 632, p. 632; State v. Mizner, 45 Iowa 248.

*P. H. Cullen, W. H. Logan* and *J. S. McIntyre* for respondents.

Whether the punishment was excessive or unreasonable, was a question for the jury; and the court submitted such question to the jury under proper instructions.    State v. Boyer, 70 Mo. App. 159; Wharton's Criminal Law, sec. 632, and cases cited in note 1.    All the facts and circumstances—including the age of the child, the nature of his offense, his motive and disposition, etc.—must be taken into consideration in determining whether or not the punishment is excessive.    Lander v. Seaver, 32 Vt. 114; State v. Pendergrast, 31 Am. Dec. 416; 1 Am. and Eng. Ency. of Law (1 Ed.), p. 794; s. c., 76 Am. Dec. 159, and notes; Dowlin v. State, 14 Texas App. 61; Stanfield v. State, 43 Texas, 167.    A schoolteacher may, in a reasonable manner, chastise his scholar for disobedience to rules or for misconduct affecting the good government of the school. State ex rel. v. Randall, 79 Mo. App. 226; State v. Boyer, 70 Mo. App. 156; Dutt v. Snodgrass, 66 Mo. 286; Deskins v. Gose, 85 Mo. 485.

GOODE, J.—Without setting out in detail the excluded evidence, suffice it to say all of it was clearly immaterial and had no tendency to prove or disprove any issue made by the pleadings.    Misunderstandings between the teacher and other pupils, or her good or ill success in other districts, could not possibly be relevant in this case, which must stand on its own facts.    If such side issues had to be heard, trials would be never-ending.

The jury were voluminously instructed—superfluously so. We can not incumber this opinion with a recital of all the given and refused instructions, and will only notice such as are considered erroneous. No error was committed in the rulings on those refused. Among those given for the defendant was the following:

"Even though you may believe that the defendant, Dolly Grigsby, did inflict immoderate and unreasonable corporal punishment upon the plaintiff, yet the defendants, Weller and Thomas, can not be held liable, unless you believe from the evidence that the said Weller and Thomas, *maliciously* advised and directed said Dolly Grigsby to do so at the time or aided and assisted her in so doing." As was said in the statement, the evidence shows clearly that the three defendants participated in the whipping of the plaintiff and if a legal wrong was committed in that act the conduct of Thomas, at least, was such that he is liable as a principal and the evidence tends to implicate Weller too. Thomas thought he wasn't whipped enough, but omitted to state what his limit is. He openly encouraged the severe beating. The law in regard to a teacher's right to punish a pupil is well settled in this State. The teacher has a right to inflict reasonable punishment for misconduct by whipping, but has no right to inflict unreasonable and excessive corporal punishment in that mode or any other. Nor can punishment in any degree be inflicted maliciously, namely, without just provocation. There is no such thing as reasonable punishment from a malicious motive. It must be administered for a salutary purpose—to maintain the discipline and efficiency of the school. State v. Boyer, 70 Mo. App. 156; State ex rel. v. Randall, 79 Mo. App. 226; Dritt v. Snodgrass, 66 Mo. 286. The instructions of the court fairly and fully presented the law on this subject.

If excessive flogging or other punishment is inflicted, the

teacher, and all who encourage, aid or abet him, are answerable therefor, regardless of whether the motive which prompted him or them was malicious or not.    Lander v. Seaver, 37 Vt. 114. He must exercise judgment and discretion and be governed as to the mode and severity of the punishment by consideration of the nature of the offense, the age, size and strength of the pupil and other appropriate circumstances.    Commonwealth v. Randall, 4 Gray (Mass.) 36; Anderson v. State, 3 Head 455; Cooper v. McJunken, 4 Ind. 90; Lander v. Seaver, supra. There are some cases which hold he is not liable save when under the pretext of maintaining authority he punishes to gratify vindictive feeling.    State v. Prendergass, 2 Dev. & Law 365.    If these authorities extend that ruling to civil actions, we consider they are in opposition to the better and more accepted view and are unwilling to follow them.    The instruction quoted was erroneous in telling the jury that, although the teacher imposed immoderate and unreasonable punishment on the plaintiff, yet the two directors are not liable unless they *maliciously* advised and directed her to do so, or aided and assisted her.    If they advised or encouraged an immoderate whipping, or assisted in it, they are liable, whether their motive was malicious or not.    Their interference is hard to excuse and impossible to commend at best.    Persons are not allowed to immoderately beat and injure either children or adults from any motive good or bad; parents have no such right, nor teachers either.    Punishment for the most useful and well-intended objects and when absolutely necessary, must always be kept within moderate bounds.    The law allows even malefactors that much protection. No individual is ever so disregarded in this land that others may subject him to unmerited suffering.    Enforcing authority by causing physical agony is, happily, fast diminishing in homes, schoolrooms, prisons, armies, navies and every other institution of civilized communities.    Gentle methods

prove more availing. If the directors encouraged or aided in the punishment, as one of them undoubtedly did, and if the same was excessive, malice is no more required to make them responsible than it is to make the teacher. One is as guilty as the other. Gray v. McDonald, 104 Mo. 303; McMannus v. Lee, 43 Mo. 206; Cooper v. Johnson, 81 Mo. 283; Willi v. Lucas, 110 Mo. 219. It is not necessary to impute malice to either of them. The cases are few in which the motive makes the tort—chiefly those where slander or libel is predicated concerning words or publications which are privileged and only become actionable when maliciously uttered. Generally speaking in an action for tort, motive is not important except to aggravate the damages. The essence of the case is that one party has suffered legal wrong at the hands of another. Of course if this whipping was done maliciously, that is, without reasonable cause, it would constitute an assault, for which all the guilty parties would be liable no matter how mild it was. But whatever the provocation, if it was immoderate, those engaged in it are still liable, even though their purpose was laudable. Cooley on Torts (2 Ed.), 830; West v. Forrest, 22 Mo. 344; Holke v. Herman, 87 Mo. App. 125, and cases therein cited as to the effect of motive in actions sounding in tort. There was other error.

The third instruction given on the defendant's request erred in charging that the presumption was, the punishment was inflicted in the exercise of and in the bounds of the teacher's lawful authority. If this means the law presumes it was not undeserved nor excessive, it was a bad mode of stating the rule contained in the latter part of the instruction, that the burden was on the plaintiff to establish its undue violence or lack of just provocation by the weight of evidence. In the absence of testimony, the presumption would be that the whipping was reasonable; but after evidence was introduced in re-

gard to the matter, presumptions concerning it ceased to be entertained. The issue of whether it was excessive or proper was then to be determined, like any other question in the case, from the weight of evidence. There was abundant testimony on both sides of the question, and neither was entitled to have the jury instructed that there was a presumption favorable to it. Morton v. Heidorn, 135 Mo. 617; Schepers v. Railroad, 126 Mo. 665; Gallagher v. Edison Co. 72 Mo. 576; Lee v. Knapp, 55 Mo. App. 390; Moberly v. Railroad Co., 98 Mo. 183; Rapp v. Railroad Co., 106 Mo. 442; Myers v. Kansas City, 108 Mo. 480; Lynch v. Ry. Co., 112 Mo. 433; Barr v. Kansas City, 105 Mo. 558. The doctrine of those cases is, that a disputable presumption should not be mentioned in instructions to the jury when there is evidence tending to disprove it, and the rule is equally appropriate in controversies like this. The jury may be misled by such references.

It would be well to omit the "disposition" of the plaintiff as an element in determining what degree of punishment might properly be inflicted to him. It was taken into account in defendant's thirteenth instruction. The expression is misleading. If his temper or disposition at the time of the whipping was intended, it was ambiguously stated. His general disposition was no more helpful to ascertain how much he ought to have been whipped, or whether he ought to have been whipped at all at that time, than was the teacher's in ascertaining whether she whipped him excessively. The inquiry should be about his docile or refractory conduct at the time. His causeless detention at recess and the open talk before the school that he had been conquered appear to have been injudicious and irritating.

We refrain from discussing the alleged errors in regard to the instruction about punitive damages. The jury found

for the defendants and the measure of damages is not important on this appeal.

The judgment must be reversed on account of the errors noted, so it is unnecessary to pass on the assignment that the verdict was the result of passion or prejudice on the part of the jury. Reading the record produces a strong impression that this lad was maltreated and that while he may have needed correcting the first time, unnecessary harshness was shown toward him afterwards. The age of the child, the participation of one pupil and two directors in the affair and the punishment of two other boys the same morning, makes the occasion smack of Dotheboys Hall.

The judgment is reversed and the cause remanded, in which all concur.