## SIDNEY T. WATTERS, Appellant, v. WINFIELD S. HAYDEN, Defendant, ELLA M. HAYDEN, Respondent.*

**St. Louis Court of Appeals. Opinion filed May 4, 1926.**

1. **TRESPASS: Joint Trespassers: Aiding and Abetting: Liability.** All persons who wrongfully contribute in any manner to the commission of a trespass, or, after the same has been committed for their benefit, assent to it, are responsible as principals, and each one liable to the extent of the injury done.

2. ————: ————: **Aiding in Commission of Trespass: Evidence: Circumstantial Evidence.** It is not necessary to prove by direct evidence that a party advised an act or aided in its commission so as to render him liable as a principal, but such fact, like any other, may be established by circumstantial evidence.

3. **ASSAULT AND BATTERY: Wife Aiding Husband: Joint Tort-feasors: Principals: Each Liable to Extent of Resultant Injury.** In an action for damages against husband and wife arising out of an alleged assault and battery, even though practically all of the damage to plaintiff had already been done him by the husband before the time when the wife could be held to have participated in the affray, nevertheless she became liable for the damage done to plaintiff prior to the time that she joined in with her husband in the assault, as all persons aiding in the commission of a trespass are liable as principals, and each is liable to the extent of the resultant injury.

4. ————: ————: **Participation of Wife With Husband in an Assault: Evidence: Question for the Jury.** In an action for damages against husband and wife for assault and battery, whether or not defendant wife, at any time during the course of the fight, acted in concert and together with her husband in assaulting plaintiff so as to make both defendants liable as joint tort-feasors, *held*, under the evidence, a question for the jury and the action of the trial court in sustaining defendant wife's motion for a new trial on the ground that plaintiff had failed to make a case for the jury as against her was error.

*Corpus Juris-Cyc. References; Assault and Battery, 5 C. J., p. 626, n. 93; p. 627, n. 2; p. 698, n. 21. Torts, 38 Cyc., p. 492, n. 33. Trespass, 38 Cyc., p. 1038, n. 25; p. 1040, n. 41 New; p. 1121, n. 66; p. 1152, n. 78.
    219 Mo. App.—43.

Appeal from the Circuit Court of Marion County.—*Hon. Charles T. Hays,* Judge.

REVERSED AND REMANDED (*with directions*).

*Rendlen & White* for appellant.

(1) Respondent Ella M. Hayden was a principal assailant, and is therefore equally liable with defendant, Winfield S. Hayden. The jury so found the facts, and the motion for new trial on her behalf should have been overruled. Schafer v. Ostmann, 172 Mo. App. 610; Page v. Freeman, 19 Mo. 422; Brown v. Barr, 184 Mo. App. 451; Bruster v. Fox, 117 Mo. App. 711; State v. Orrick, 106 Mo. 111; Cooper v. Johnson, 81 Mo. 489. (2) The evidence against Ella M. Hayden is even stronger than is required—under the law—to make a joint case against her; this, because not only the principal assailant, W. S. Hayden (if he may be so regarded on account of having started the row), but also his wife, Ella M. Hayden, is equally and jointly liable—not only if she actually participated as a principal, but if she aided, abetted, counselled or encouraged him, either by words, gestures, looks or signs. Schaffer v. Ostmann, 172 Mo. App. 602; Brown v. Barr, 184 Mo. App. 451; Bruster v. Fox, 117 Mo. App. 711; Haycraft v. Griggsby, 88 Mo. App. 354; Thomas v. Werremeyer, 34 Mo. App. 665; Willis v. Lucas, 110 Mo. 220; State v. Gooch, 105 Mo. 392. (3) Respondent wrongfully aided in the commission of the assault and is equally liable as a principal with defendant, Winfield S. Hayden. A joint verdict was properly returned by the jury—and a joint judgment should be entered. Thomas v. Werremeyer, 34 Mo. App. 665; Allred v. Bray, 41 Mo. 484; Murphy v. Wilson, 44 Mo. 313; Brown v. Barr, 184 Mo. App. 456, and cases cited under points 1 and 2.

*Glahn & Diemer* for respondent.

(1) Respondent was not a principal assailant, so far as the injuries suffered by appellant (which were the only injuries of which there was evidence) is concerned. Schafer v. Ostmann, 148 Mo. App. 644, 129 S. W. 64; Schafer v. Ostmann, 172 Mo. App. 602, 155 S. W. 1102; Brown v. Barr, 184 Mo. App. 451, 171 S. W. 4; State v. Stemmons, 262 S. W. 706; State v. Porter, 276 Mo. 387, 393, 207 S. W. 774, 776; State v. May, 142 Mo. 152; Page v. Freeman, 19 Mo. 422; State v. Orrick, 106 Mo. 111; Cooper v. Johnson, 81 Mo. 489. (2) There was no evidence that respondent was present, aiding and abetting, or counselling, advising and encouraging her husband, defendant Winfield S. Hayden, when appellant suffered his injuries at said defendant's hands, and respondent is not liable therefor. (3) Respondent and defendant Winfield S. Hayden did not act in concert in inflicting the injuries in question upon appellant, and respondent is not liable therefor. Schafer v. Ostmann, supra; Schafer v. Ostmann (2nd case), supra; State v. Porter, supra; State v. May, supra; State v. Stemmons, supra; Page v. Freeman, supra; State v. Orrick, supra; Cooper v. Johnson, supra; Brouster v. Fox, 117 Mo. App. 711, 93 S. W. 318. (4) The trial court's ruling in sustaining respondent's motion for new trial should be affirmed if it can be sustained upon any ground, even though it may not be the ground assigned by the trial court. Mathey v. Kellerman Contracting Co., 277 S. W. 927, and cases there cited.

BECKER, J.—Plaintiff's action is for damages arising out of an alleged assault and battery which is alleged to have been wilful, unlawful and malicious on the part of the defendants, who are husband and wife. The cause was tried before a jury where the plaintiff had a verdict for $250 actual and $250 exemplary damages against both defendants. The trial court sustained defendant wife's motion for a new trial on the sole

ground that the court erred in overruling the demurrer offered by her at the close of all of the evidence. Plaintiff thereupon appeals from the action of the court in granting the new trial.

Plaintiff's petition, which is directed against both defendants jointly, is conventional. The separate answer of defendant, Winfield S. Hayden, is a general denial, and as an additional answer denies that the assault was without provocation and alleges that the plaintiff disturbed the peace of defendants and that the plaintiff refused to leave the premises of the defendants when requested to do so by the defendant, Winfield S. Hayden, and that said defendant thereupon undertook to eject plaintiff from his premises and in so doing used no more force than was necessary, and that whatever injuries, if any, were inflicted upon plaintiff, were done by defendant in the necessary defense and protection of his home.

The separate answer of defendant, Ella M. Hayden, is a general denial, and further alleges that plaintiff made an assault upon her husband and that while her husband was defending himself and at a time when plaintiff and her said husband had, ''become separated from each other, she ran between them in order to keep them separated, and denies that she at any time either beat, struck or assaulted the plaintiff or inflicted any injury upon him in any manner.''

In light of the ground assigned by the court as a reason for granting the defendant, Ella M. Hayden, a new trial, we of necessity set forth the material facts as they appear in the record before us.

On Sunday, May 6, 1923, the plaintiff, Sidney T. Watters, a young man aged twenty-five years, called at the home of the defendants, Winfield S. Hayden and wife, at which time and place there was a conversation between appellant Watters and defendant Winfield S. Hayden, as to an insurance policy, which had been mailed some months before to Watters by defendant, Hayden, and the payment of the premium had never been made, Watters claiming he had not ordered the insurance and

defendant Hayden claiming that Watters had kept the insurance and therefore owed him the premium. Some words were exchanged and according to the plaintiff's testimony in the case, defendant Hayden, while they were standing on Hayden's front porch, struck plaintiff in the face and about the head, said assault being without provocation. The assault upon plaintiff was begun on the porch and was finished out in the street in front of the house.

Plaintiff's testimony is that he only tried to ward off the assault and keep from being beaten up and was in no sense an aggressor. It is not denied that plaintiff sustained a severe injury, his jaw having been broken on both sides.

At some time during the encounter, and it was after plaintiff and Winfield S. Hayden had gotten to the street in front of Hayden's house, the defendant, Ella M. Hayden was present on the scene and we quote the following from plaintiff's own testimony as to what happened at this juncture.

"As we separated again, I was conscious of someone else on the opposite side, someone gave me a push from the left side; I knew it was a woman . . . this woman gave me a violent push from the left side, that was the first I saw. This woman was Mrs. Hayden, the defendant here. While Hayden was assaulting me from one side she pushed me from the other; when he was in front she pushed me from the back and she slapped at me. I mean Mrs. Ella M. Hayden, the wife of the defendant, Winfield S. Hayden. . . . After a brief period of time they ceased their attack and my sight cleared up just a bit."

And on cross-examination, plaintiff said: "After she came out, I know she slapped me and pushed me about and assisted the Judge" (meaning defendant, Winfield S. Hayden, who is a Justice of the Peace in Palmyra, Mo.) Continuing, plaintiff testified: "She slapped me with her hand or fist, I am thoroughly conscious of that. I think she attempted to hit me with her fist sev-

eral times, but I know she slapped me with her open hand. I don't know how hard she hit me. . . . Mrs. Hayden pushed me in the back and I think I said that she slapped me. . . ."

Emily Guard, aged eleven years, testified that she was sitting in a swing on the front lawn of a house almost opposite that of the defendant, Hayden; that she saw plaintiff drive up to the house and saw Winfield S. Hayden come out onto the porch and talk to plaintiff; that whilst the plaintiff was standing with his hands at his side, she saw Hayden draw back his closed hand in a manner indicating he intended to strike plaintiff; that she closed her eyes not wanting to see a fight; that when she looked again she saw plaintiff and Hayden fighting out on the street near a cement box; that she then saw Mrs. Hayden in the street, and that she "had her hand in his (plaintiff's) back pushing him and telling him to get into the car. . . . I did not see her strike him."

A neighbor, J. A. Clawson, who lived across the street from the defendants' home testified that while he did not see the beginning of the trouble, he did see the defendant, Winfield S. Hayden, and plaintiff, "as they came off the porch; they worked their way to the street, having hold of each other and struggling around. I saw Mrs. Hayden, she came out and pushed Mr. Watters around and told him to get in his car and get away. I think she kinda helped them get separated; if I remember distinctly she was pushing on Watters. I could not say that she did any pushing on her husband. After they separated Mr. Watters came over to the porch of my place with his car. He was bleeding at the mouth and I noticed his jaw was broken."

On cross-examination this witness testified that he saw defendant, Mrs. Hayden, come off the porch; "that she came out and pushed Watters around and told him to get in his car and get away. . . . She pushed him around and she had her hands on him several times."

Mrs. Mary Guard, a witness for plaintiff, testified that she lived in one of the defendants' houses close to the Hayden residence where they then lived; that she first noticed plaintiff and Winfield S. Hayden when they were down at the cement box in the street, "when I first saw Mrs. Hayden she was standing on the sidewalk; she stood there quite a little while, then she came down where the men were, she put her hands on Mr. Watters and was talking to him."

On cross-examination she testified that when she first saw the men by the mortar box, defendant Hayden was striking at the plaintiff and plaintiff had "his hands up as though warding off a blow."

As to Mrs. Hayden, she said that "from my observation it would be my judgment that she was trying to get Watters to get into the car and get away. She was striking at him by her gestures, that was what she meant. I would say she was striking him with her open hands. I could not hear what she was saying."

The defendant, Winfield S. Hayden, testified that when plaintiff and he stood on the front porch, plaintiff addressed him in an "angry, threatening manner. . . . I expected trouble. I was angry and his manner was threatening. I says, 'look here young fellow, if you came down here for trouble, get yourself off the porch—get away,' and I put my hand out (indicating). I says, 'get out and get away.' I simply put my hands out toward the front of the porch and motioned in that direction, telling him to get away, three times I asked him off—I had raised my right hand to about the top of my shoulder. . . . It was my intention to help him along a little bit and put my left hand about the top of his shoulder; the moment I did that he grabbed me with both hands. He grabbed my arm and neck and I struck him, struck at his face. I struck him on the right side. . . . Plaintiff then threw his arm around my neck and pulled me down to a mortar box that was standing in front of the house. When he got to the mortar box he reached

for a stick with his left hand and I twisted out and jerked him away. He struck at me three or four times. I stepped this way, he got around here and I hit him once more. I hit him right on the breast and when I hit him on the breast he went back toward the middle of the street. As he came back toward me he reached over this way for a rock lying about six feet from us and as he did that my wife ran in between us. He followed close up to her and struck over her head once at me, then he struck over her shoulder. . . . My wife says, 'you get away from here—get in a car and get away.' He says, 'I will not do it, I am in the street.' She repeated to get away and with that he walked right on up near my front porch. He had his hand in his left pocket and drew out a little pocket book and took a check out and handed it to me and folded his book up and put it back in his left hip pocket and my wife says, 'don't you strike any more, get in the car and get away.' "

The defendant, Mrs. Ella M. Hayden, testified to the same effect as that of her husband and as to her participation on her own part she testified: "I walked very leisurely out to where they were; at no time did I strike Mr. Watters with my fist or with my open hand or with any part of my body. I did not push him with my hands from the back. The judge struck him the second blow in the breast. I had not been close enough to him to hit him. It was when he stooped to pick up a stone, that I got between them. . . . During the entire affair, I did not at any time have in either hand a weapon or club, stick, stone or anything that could be used as a weapon to inflict injury to another person and I made no attempt to or effort to hit Mr. Watters."

We view the testimony in the record before us as outlined above in light of the well-established principle of law that all persons who wrongfully contribute in any manner to the commission of a trespass, or, after the same has been committed for their benefit, assent to it,

are responsible as principals and each one liable to the extent of the injury done.

And in the early case of McMannus v. Lee et al., 43 Mo. 206, l. c. 208, it is said that, "the law is well laid down that any person who is present at the commission of a trespass, encouraging or inciting the same by words, gestures, looks or signs, or who in any way or by any means countenances or approves the same, is in law deemed to be an aider and abettor, and liable as a principal; and proof that a person is present at the commission of a trespass, without disapproving or opposing it, is evidence from which, in connection with other circumstances, it is competent for the jury to infer that he assented thereto, lent to it his countenance and approval and was thereby aiding and abetting the same." [See also Allred v. Bray, 41 Mo. 484; Willi v. Lucas, 110 Mo. 219, 18 S. W. 723; Brouster v. Fox, 117 Mo. App. 711, 93 S. W. 318; Schafer v. Ostmann, 172 Mo. App. 602, l. c. 610, 155 S. W. 1102; Brown v. Barr, 184 Mo. App. 451, l. c. 456, 171 S. W. 4.]

"Nor is it necessary to prove by direct evidence that a party advised an act or aided in its commission, but such fact, like any other, may be established by circumstantial evidence. [State v. Gooch, 105 Mo. 392, 16 S. W. 892.]"

Tested by the application of the above principles, we cannot say as a matter of law that the defendant, Mrs. Ella M. Hayden, did not participate in this assault, but we must rule that plaintiff made out a case for the jury as against both of the defendants.

Counsel for respondent urges that in any event though the jury found that defendant, Mrs. Ella M. Hayden participated in the assault upon plaintiff, it must be conceded that practically all of the damage to plaintiff had already been done him before the time when she could be held to have participated in the affray and therefore she should not be held liable for the damage done to plaintiff prior to the time that she joined in with her husband in the assault. The point sought to be

made is without merit for where suit is brought against all of several joint tort-feasors, and recovery is had, the same amount must be awarded against all of the defendants found liable and not a different amount against each. [1 Kindead on Torts (1903) sec. 64, p. 119; Hunter v. Wakefield, 97 Ga. 543, 54 Am. St. Rep. 428, 25 S. E. 347.] And as has been directly ruled in Allred v. Bray, supra, all persons who wrongfully aid in the commission of trespass are liable as principals and each is liable to the extent of the resultant injury. [See also Brown v. Barr, supra.]

As we have stated above, in our view the entire affray, in legal contemplation, was but one act, one assault, and in our view under the evidence it became a question for the jury whether or not defendant, Mrs. Ella M. Hayden, at any time during the course of the fight acted in concert and together with her husband, Winfield S. Hayden, in an assault upon plaintiff. The jury determined this question in the affirmative and held both defendants liable as joint tort-feasor for an assault upon plaintiff. In this situation we must rule that the action of the trial court in sustaining the defendant, Ella M. Hayden's motion for new trial on the ground that plaintiff had failed to make out a case for the jury as against her, was error.

The only other ground urged here to sustain the action of the trial court in granting the new trial to defendant, Mrs. Ella M. Hayden, is the giving of instructions numbered two and three at the request of plaintiff. What we have ruled above disposes of the point sought to be raised adversely to respondent.

It follows that the action of the trial court in granting defendant, Mrs. Ella M. Hayden, a new trial, should be reversed and the cause remanded with directions to enter up a judgment in favor of plaintiff in conformity with the original verdict of the jury. It is so ordered. *Daues, P. J.,* and *Nipper, J.,* concur.