THE STATE OF MISSOURI ex rel. JONATHAN T. MOORE, Respondent, v. J. A. MILLSAP, teacher, etc., Appellant.

**Kansas City Court of Appeals, February 17, 1908.**

**SCHOOLS: Books: Directors: Teacher's Authority.** In the absence of a constituted authority, as in this case, to determine the text-books to be used in a school, the teacher naturally is the most available agent for that purpose, because of his familiarity with the contents and relative merits of different books and his authority to make needful rules for the government of the school and the necessity for classification of the school; and a majority of the patrons have no authority to prescribe the books.

Appeal from Cooper Circuit Court.—*Hon. William H. Martin,* Judge.

REVERSED.

*John & J. W. Cosgrove* for appellant.

(1) The two arithmetics were included in the last legally prescribed course of study. The abolition of the commission in 1905 did not, *ipso facto,* abolish the course of study it had lawfully prescribed, and this course continued until modified or annulled by competent authority. Potter's Dwarris on Stat. and Constitutions, p. 155, note; State ex rel. v. County Court, 53 Mo. 128. (2) The fact that two members of the Board were consulted as individuals can have no effect. The

directors can only act when assembled in meeting as a board. Kane v. School District, 48 Mo. App. 414; 25 Am. & Eng. Ency. Law (2 Ed.), p. 56. (3) It will be presumed that the board did its duty, and that it knew how to change the books in use, if it so desired. Mc-Callister v. Ross, 155 Mo. 87; McShane v. School Dist., 70 Mo. App. 624.

*C. D. Corum* for respondent.

(1) If the board of directors fail to make any needful rules and regulations for the government of the school, the teacher has the right, from the very nature of his employment, to adopt such needful rules for the promotion of good order and the discipline of the school as he may choose. Deskins v. Gose, 85 Mo. 485; State ex rel. v. Hamilton, 42 Mo. App. 30; Gurnsey v. Pitken, 32 Vt. 229; Trustees v. People, 87 Ill. 303. (2) The point in judgment in this case is quite similar to that passed upon by the Supreme Court of Indiana in the case of State ex rel. v. Weber, 108 Ind. 36, 58 Am. Rep. 30. Roberts v. Boston, 5 Cush. 198; Hodgkins v. Rockport, 105 Mass. 475; Ferriter v. Tyler, 48 Vt. 444, 21 Am. Rep. 133; Sewell v. Board, etc., 29 Ohio St. 89; Donahoe v. Richards, 38 Me. 379, 61 Am. Dec. 256; Gurnsey v. Pitkin, 32 Vt. 224; Kidder v. Chellis, 59 N. H. 473. (3) If the judgment rendered by the trial court in this case should stand, the teachers of the State would be shorn of all power. They could not organize the school or classify their pupils.

BROADDUS, P. J.—This is a proceeding by mandamus. The facts are that during the school year of 1906, the respondent was employed as teacher in school district number one, Cooper county, during which time relator was a taxpaying citizen of the district with one child of his own and one other under his control of school age and entitled to attend said school. The

ground for the action is that respondent refused to teach the two children mentioned from Milne's Elementary Arithmetic and Milne's Standard Arithmetic.

Respondent admits that he did refuse to teach said pupils from Milne's Arithmetic, and that he offered and was willing and ready to teach them from such other books as other pupils in his school in the same grade, were taught, and which books so offered to be taught were in his opinion, proper and suitable for the scholastic attainments of the relator's children; that he taught other pupils of the school with the same scholastic attainments as that of the children of the relator from Smith's Arithmetic; and that he offered to teach relator's children from the same publication as was provided by other parents and was taught in respondents school. It was agreed that prior to the school year of 1906, the respondent had taught relator's children from said Milne's Arithmetic. And further that the board of directors of the school as a board had promulgated no rules for the discipline of the school or the grading and government of the same, nor the text-books to be used. It was shown respondent had after having advised with two of the members of said board, adopted Smith's Arithmetic to be used in the school instead of Milne's which had been formerly used. It was also shown that a majority of the patrons of the school were in favor of using Milne's Arithmetic and had signed a petition addressed to respondent that they desired their children to be taught from the books which had been in the past used in the school.

An alternative writ of mandamus which had been issued directing the respondents to use in teaching relator's children those books that had been previously in use in the school, was made final and respondent appealed.

The Legislature in 1905, repealed article VII, chapter 154, Revised Statutes 1899, creating a school book

commission whose duty it was to prescribe among other things, what books of instruction should be used in the public school of the State. At the time of the controversy there was no statute clothing any particular tribunal or officer with the duty that had theretofore been lodged in said commission.

Under section 9764, Revised Statutes 1899, the board of directors of the school had the power "to make all needful rules and regulations for the organization, grading and government of the school district." Whether the board had the legal power to select books for the use of the school is immaterial as they failed to exercise it.

The school could not be conducted with any degree of success without being governed by rules regulating the conduct of the pupils, and there could be no efficient grading of them unless there was uniformity in the textbooks used. The question is whose duty it was under the circumstances, to select the books to be used in the schools. It was the theory of the court that a majority of the patrons of the school had that right. But the writ does not command respondent to use Milne's Arithmetic in said school, but that he must do so while teaching plaintiff's children.

The law being silent as to who is authorized to select books for schools to be used in teaching the pupils, seems to have created the confusion which brought about this suit.

In the absence of any constituted authority, the natural suggestion is that the teacher of the school would be the most available for the purpose of selecting textbooks for his school, because of his familiarity with their contents and of the relative merits of the different ones from which to make such selection. It is held that: "A public school teacher, by the very nature of his employment has the right to make needful rules for the government of the school, when the directors fail to

do so, as authorized by the statute." [Deskins v. Gose, 85 Mo. 485.] And the court was of a similar opinion in State ex rel. v. Hamilton, 42 Mo. App. 24.

We are satisfied that the parent is not vested with the discretion of selecting the books to be used in the instruction of his child by the teacher of a public school. If such was the case, it might result, in destroying their efficiency. The variety of books which might be brought into requisition would impose a burden on the teacher which he could not overcome. And we can see no good reason why a majority of the patrons of the school should have the authority to determine what books all the children in the school should use. There is no law to that effect. Classification of the pupils is one of the prime factors in the government and success of every school where the numbers are so great that the teacher does not have the time and opportunity to give each separate instructions. And as there is no law to bind the minority as to what might be the opinion of the majority with respect to what books should be used for instruction, there would be no uniformity in that respect, and consequently classification of the pupils would be impossible. The writ should have been denied. Reversed. All concur.