KING, *Appellant*, v. JEFFERSON CITY SCHOOL BOARD.

**Schools**: POWER OF BOARD TO MAKE RULES. The court will interfere to prevent the enforcement by a district school board of a rule which manifestly reaches beyond their sphere of action, and relates to subjects nowise connected with the management or successful operation of the school, or which is plainly calculated to subvert or retard the leading object of our legislation on this subject; but the case should be a plain one. A rule which subjects any pupil absent six half days in four consecutive weeks, without satisfactory excuse,

to suspension, does not belong to either of these classes, and will be enforced by the courts without inquiry whether it is a reasonable and proper one or not. This court, however, is of opinion that such a rule is reasonable and proper.

*Appeal from Cole Circuit Court.*—Hon. E. L. Edwards, Judge.

Reversed.

*M. J. Leaming* for plaintiff in error, cited *Sewell v. Board of Education*, 29 Ohio St. 89; *Spiller v. Woburn*, 12 Allen 127; *Burdick v. Babcock*, 31 Iowa 562; *Ferriter v. Tyler*, 48 Vt. 444; *Stephenson v. Hall*, 14 Barb. 222; *Dritt v. Snodgrass*, 66 Mo. 286.

*E. L. King* for defendant in error, cited *Ex parte Frank*, 52 Cal. 606; s. c., 7 Cent. Law Jour. 16; *State ex rel. Kennedy v. Union Merch. Exchange*, 2 Mo. App. 96; s. c., 3 Cent. Law Jour. 290.

Napton, J.—The only question in this case is whether rule 11, adopted and enforced by the board of the Jefferson City school district, in the case of the plaintiff's son, is a legal one. The question arose on a demurrer to defendant's answer, which set up a breach of this rule by plaintiff's son as a justification for his suspension. The circuit court sustained the demurrer. The rule is as follows: "Any pupil absent six half days in four consecutive weeks, without satisfactory excuse, shall be suspended from school." The statute provides, (R. S. 1879, § 7045,) that "the board shall have the power to make all needful rules and regulations for the organization, grading and government of the schools in their district." It is clear that the legislature have intrusted to this school board the duty of making regulations touching the government of the school, of the necessity and propriety of which they are primarily the judges. They are elected by the people of the district, and must be presumed to be conversant

with the subject, and have no motive to make any rules except such, as in their best judgment, are necessary and proper to promote the objects of our common school system.

That the judiciary might intervene in case of rules manifestly reaching beyond their sphere of action and relating to subjects nowise connected with the management or successful operation of the school, was decided by this court in *Dritt v. Snodgrass*, 66 Mo. 286, and that the courts might interfere also in cases where the rule was calculated to subvert or retard the leading object of our legislation on this subject, may also be conceded. But I apprehend that the case should be a plain one. It is said that occasional absences from school, on the part of the pupil, or truancy as it is familiarly termed, is of no importance to any one except the pupil or his parents, and its indulgence is, therefore, not to be attended with such punishment as suspension or expulsion from the school entirely; that every child has a right to go to the public school. and that right cannot be taken away by a rule of the board; that such rule is subversive of the object of our system of common schools, which was designed to throw open and leave open the doors of the school to all children of the proper age, and give them an opportunity of acquiring such education as will fit them for the after duties of life. This is true, but this right of attending school necessarily requires, when the school is joined, and whilst such attendance continues, a submission to the regulations of the school.

Suppose rule 11 to be inverted, and instead of reading as it now stands, should read thus: "Any pupil is at liberty to go a fishing during school hours and be absent a half day or a whole day, and as many days as he pleases, provided he conducts himself decently when in attendance on school." And this is the point to which the argument of the plaintiff tends. The pupil, it is urged, is at liberty to be absent when he pleases, and such absence is a matter solely between him and his parents. But the studies in our

public schools are, I presume, classified according to the ages and advancement of the scholars; and the continued or repeated absences of one of a class not only is injurious to the absentee, but if allowed beyond a certain point is calculated to demoralize those who attend and derange the orderly instructions of the teacher. Taxes are not collected to pay teachers to sit in front of empty benches or to hunt up truant boys. Such absences, when without excuse, are the fault of the parents, whose business it is to see that the attendance of their child is regular, unless prevented by causes which will, of course, be an excuse under the rule now in question. My opinion is, that the rule in question was clearly within the power of the board of directors, and that it is not our business to supervise its expediency, even if we might differ with the board on that point, but all the judges are of opinion that the rule was a reasonable and proper one. The judgment will, therefore, be reversed and the case remanded.