DESKINS, *by Guardian*, v. GOSE, *Appellant*.

1. **Public Schools : RULES : TEACHER.** A public school teacher, by the very nature of his employment, has the right to make needful rules for the government of the school, where the directors fail to do so, as authorized by the statute. R. S., sec. 7045.

2. —— : —— : ——. A rule forbidding scholars from quarreling and using profane language on their way home is reasonable and needful, and the teacher can punish them for its infraction.

*Appeal from Grundy Circuit Court.*—HON. G. D. BURGESS, Judge.

REVERSED.

*R. A. Debolt* for appellant.

(1) It is the duty of the school board to make all needful rules for the government of the pupils (R. S., sec. 7045); but if it fails to do so, the teacher has the right, and must, of necessity, make such rules. *Danenhoffer v. State*, 35 Am. Rep. 216, 219. (2) The rule of the teacher against profane swearing and fighting by pupils, either at school or on their way home, was reasonable and proper. *Burdick v. Babcock*, 31 Iowa 565; *King v. Jefferson City School Board*, 71 Mo. 628; *Sewall v. Board of Education*, 29 Ohio St. 89. (3) While pupils are in his charge he stands *in loco parentis*, and the law gives him the power and authority in proper cases, to inflict corporal punishment upon the refractory. *State ex rel. Burfee v. Burtin*, 30 Am. Rep. 706; *Dan-*

*enhoffer v. State*, 35 Am. Rep. 216, 219; *Dritt v. Snod-grass*, 66 Mo. 297, 298; *Cooper v. McJunkin*, 4 Ind. 291; *Commonwealth v. Randall*, 70 Mass. 37; 1 Broom & Hadley's Commentaries, p. 381, note 168; *State v. Miz-ner*, 24 Am. Rep. 769, and note, also 771; Whar. on Crim. Law, sec. 1269. (4) The teacher has the right to punish a pupil on his return to school for an infraction of the rules committed on the way home after school has been dismissed for the day. *Dritt v. Snodgrass*, 66 Mo. 286.

*E. M. Harber* for respondent.

NORTON, J.—This suit was brought to recover damages for alleged injuries inflicted by defendant on plaintiff in whipping him with a switch. The answer of defendant sets up that he was a teacher of a public school; that plaintiff was one of the pupils of said school, and that for a violation by plaintiff of a rule of the school, in using profane language, quarreling and fighting with the other scholars of the school, he did, in order to preserve good order and discipline in the school and to promote its usefulness, chastise plaintiff with a switch, inflicting upon him reasonable and moderate punishment. Plaintiff obtained judgment for nine dollars, from which the defendant has appealed.

On the trial plaintiff offered evidence tending to show that the punishment inflicted was excessive; that plaintiff did not use profane language to, or quarrel or fight with, the other scholars. The defendant offered evidence tending to prove the facts set up in his answer, and the following agreed statement of facts was then read to the jury, viz.:

"That the defendant was at the time the employed teacher of the public school at which the plaintiff was a regular daily attendant on and during the day that the acts and conduct complained of occurred, and for which the defendant chastised him; that the profane language

used, the quarreling and fighting was done, if at all, one-half or three-fourths of one mile from the school house, after the school had been adjourned for the day, and the scholars were on their way to their respective homes, and before they had reached them, and the punishment was inflicted the next day thereafter, when the plaintiff returned to the school; that the defendant, as teacher, had a standing rule against the use of profane language, quarreling or fighting among the scholars, either at the school house or on their way home, and often spoke of the rule in the presence of the school and the plaintiff; that plaintiff was, at the time of the chastisement, thirteen years of age, and that all this occurred in the county of Grundy, Mo."

The court then instructed the jury that under the evidence and pleadings the jury must find for the plaintiff, and refused to give several instructions asked by the defendant, to the effect that plaintiff, while in attendance as a scholar, was under the control of defendant as teacher, and that defendant had a right to punish him for an infraction of the rule put in evidence in the agreed statement of facts, and that the verdict of the jury should be for defendant unless they believed that the punishment inflicted was unreasonable or excessive.

It is this action of the court which is complained of as error, and we are of the opinion that the complaint is well founded. While it is provided in section 7045, Revised Statutes, that "the board shall have power to make all needful rules and regulations for the government of the school in their district," if they failed to do so, the right of the teacher employed to conduct the school to adopt reasonable rules to promote good order and discipline, arises out of the very nature of his employment, and the only question worthy of consideration which this record presents is, was the rule which forbade the use of profane language, quarreling and fighting among the scholars, either at school or on their way home, reasonable and promotive of good order and

proper discipline of the school?    It must be conceded without question that the rule, in so far as it forbade such acts on the part of the scholars while at school, was not only reasonable, but necessary to the orderly conduct of the school.    But it may be insisted, and doubtless was urged before the trial court, that so soon as the scholars were dismissed from school by the teacher, his authority over them ceases, and that of the parent is resumed, and that, therefore, that portion of the rule which forbids such acts as are therein mentioned, while the scholars are on their way to their homes, is without sanction or authority.    We are unwilling to go to this extent, believing it to be unsupported either by reason or weight of authority.

In the case of *Dritt v. Snodgrass*, 66 Mo. 286, this court went to the extent of saying that when the pupil of a public school is released and sent back to his home, neither the teacher nor directors had any authority to follow him to his home and govern his conduct while under the parental eye.    This court also held in the case of *King v. Jefferson City School District*, 71 Mo. 628, sustained the validity of a rule that provides that "any pupil absent six half days in four consecutive weeks, without satisfactory excuse, shall be suspended from school."    In that case a pupil had played truant, and thereby became amenable to the operation of the rule, and was expelled, and this court refused to interfere on the ground that the rule was a reasonable one.    Truancy is an act committed out of the school room, but being subversive of the good order and discipline of the school, may subject, as it did the scholar in this case, to suspension or expulsion.    If the effect of acts done out of the school room while the pupils are returning to their homes, and before parental control is resumed, reach within the school room, and are detrimental to good order and the best interests of the school, no good reason is perceived why such acts may not be forbidden, and punishment inflicted on those who commit them.    *Burdick v. Bab-*

*cock et al.*, 31 Iowa 562–7; *Lander v. Seaver*, 32 Ver. 114; *Sherman v. Inhabitants of Charlestown*, 8 Cush. 160.

The effects of the scholars using to and with each other obscene and profane language, quarreling and fighting among themselves on the way to their homes, would necessarily be felt in the school room, engender hostile feelings between scholars, arraying one against the other, as well as the parents of each, and destroying that harmony and good will which should always exist among the scholars who are daily brought in contact with each other in the school room.

For the error committed in giving the plaintiff the first and second instructions, and refusing those asked by the defendant, numbered two, three, four, five and seven, the judgment will be reversed and the cause remanded. All concur.