STATE OF MISSOURI ex rel. SAMUEL BEATY, Appellant, v. J. R. RANDALL et al., Respondents.

**St. Louis Court of Appeals, February 21, 1899.**

**School Teacher:** ABSENCE OF RULES OF SCHOOL BOARD:  MAY PUNISH PUPILS:  EXPULSION OF SCHOLAR.  The teacher of a school, as to the children of his school, while under his care, occupies for the time being the position of parent or guardian.  It is his right and duty not only to enforce discipline, to preserve order, and to teach, but also to look after the morals, the health and the safety of his pupils; to do and require his pupils to do whatever is reasonably necessary to preserve and conserve all these interests, when not in conflict with the primary purposes of the school or a rule of the school board.

*Appeal from the Barry Circuit Court.*—HON. J. C. LAMSON, Judge.

AFFIRMED.

A. V. DARROCH for appellant.

Respondents having alleged in their return that all the excuse they had for expelling relator's son was that the professor of the schools had ordered him to take Edgar Bear home, and he refused to do so, and that the professor expelled him from school therefor, and the school board concurred therein, constituted their only defense.   They nowhere plead a rule of the school board requiring pupils to leave the school

ground and act as guardian angel in taking home a wounded fellow student. In other words the principal of the school made this rule himself and made it self-enforcing and the school board merely said "amen" to it. Section 7993, Revised Statutes 1889, as amended Session Acts 1897, page 230, provides that said rules shall take effect when a copy of the same duly signed by the order of the board is deposited with the district clerk, whose duty it shall be to transmit forthwith a copy of the same to the teachers employed in the schools. See, also, sections 80, 90, Revised Statutes 1889, as amended Session Acts 1893, page 250. Such a rule as requiring a pupil to conduct a pupil home when hurt is not pleaded and if pleaded would be unreasonable. Plaintiff says that he should have judgment.

JOHN T. BURGESS for respondents.

School boards have power to make all necessary rules for the government of their schools. Section 7993, Revised Statutes 1889, as amended Session Acts 1897, page 230. Section 4, of article 4, of the rules of said school requiring pupils to be obedient to their teachers is a reasonable and proper rule, and the principal of said school did not go outside of or beyond the scope of said rule, when he requested that said Warren Beaty take home little Edgar Bear and inform the mother or father of said Edgar as to how Edgar had been injured. But such request on the part of the principal was reasonable, humane and proper under the circumstances. In the Matter of August Rebenack, 62 Mo. App. 10; Burdeck v. Babcock, 31 Iowa, 562; King v. Jefferson City School Board, 71 Mo. 628. To permit a pupil fifteen years of age to purposely injure another small pupil during school hours, and on the school grounds, without being punished by the teacher for same, would tend to disrupt and disorganize the school and destroy the harmony

and good will that should exist in the school.   Deskins v. Gose, 85 Mo. 485.

BLAND, P. J.—The relator and appellant is a resident of the city of Monett, Missouri, and his son Warren was a pupil attending the public school of said city.   The respondents constitute the board of directors of said school. The petition was for a mandamus to compel the respondents to restore Warren as a pupil in said school, whom it alleges they, in November, 1898, illegally, wrongfully and oppressively, expelled.   Respondents filed a joint return, in which they deny that Warren was illegally, wrongfully or oppressively expelled, and set forth at length and in detail the offense for which he was expelled, the material parts of which succinctly stated are, that on November 10, 1898, Warren purposely ran against a pupil of the school smaller than himself, and wounded him in the face, during the forenoon recess of that day; that when his teacher was informed of the fact, he requested Warren to accompany the boy he had hurt to his home; that Warren refused to comply with this request, giving as an excuse that he did not know where the boy lived; that his father would object to his doing so if he knew of the circumstances, and that he did not come to school to run around over town; that when this excuse was made and he refused to go, the teacher told him to take his books and go home, which he did; that the teacher then informed the respondents of these things, whereupon on the twelfth day of November, 1898, a meeting of the school board convened, and the conduct of Warren was inquired into; that Warren was present at this meeting and confessed to the board that he had purposely ran against the other boy, and that he had refused to accompany him home when requested by his teacher, and that he refused to make an apology; that the board made further inquiry into the charges and found Warren had violated rule 4, article 4, of the rules of the school, which requires that "pupils shall obey their teachers," and

ordered that he be expelled or "take a whipping," and that he informed his father of the action of the board. Appellant demurred to the return, on the ground that it was insufficient and stated no defense to the petition; the demurrer was overruled and appellant refusing to further plead, his petition was dismissed, and he appealed.

The proceedings of the board culminating in Warren's expulsion were regular; he was present; the opportunity to meet his accuser and witnesses face to face and to make his defense, was granted him, and no valid objection can be raised to the regularity of the inquiry. The contention of appellant is that the request or order of his teacher to Warren to accompany the wounded boy home was beyond his authority to make, and was oppressive and humiliating. In the absence of a rule or rules prescribing the names and methods of punishment, the teacher is authorized to inflict such humane and reasonable punishment to enforce the rules of the board and good discipline and order, as he may deem most conducive to these ends; and the jurisdiction of the school board to make needful rules for the conduct of the pupils and of the teacher to enforce such rules, is not confined to the school room and school premises, but extends over the pupil on his road from his home to school and return. Deskins v. Gose, 85 Mo. 485; King v. Jefferson City School Board, 71 Mo. 629; In the Matter of Rebenack, 62 Mo. App. 8. If the purpose of the teacher was to punish Warren Beaty, which seems inferable from the return, for his wanton and reckless conduct by compelling him to accompany the boy he had injured to his home, such punishment was not unreasonable, unjust or inhuman, but on the contrary was humane; it was merited, and the action of the teacher in awarding this punishment, in view of the facts of the case, is commendable. If on the other hand the condition of the wounded boy was such as to require assistance to

*Teacher may punish pupil.*

State ex rel v. Randall.

reach his home in safety, it was just, humane and proper that the teacher should provide such aid, and it was not unlawful, unreasonable or beyond his power to select a pupil of the school to accompany him to his home.   The teacher of a school as to the children of his school, while under his care, occupies for the time being the position of parent or guardian, and it is his right and duty not only to enforce discipline to preserve order and to teach, but also to look after the morals, the health and the safety of his pupils; to do and require his pupils to do whatever is reasonably necessary to preserve and conserve all these interests, when not in conflict with the primary purposes of the school or opposed to law or a rule of the school board.   Neither the law nor a rule of the school board was transgressed by the teacher in this instance; the order or request to Warren Beaty was reasonable, not unlawful, and he should have obeyed it.   The judgment is affirmed.   All concur.