Haley STREETER, B/N/F, Rea Alma Baker, Plaintiff-Appellant,

v.

John L. HUNDLEY, Defendant-Respondent.

No. 60640.

Supreme Court of Missouri, En Banc.

April 10, 1979.

As Modified On Courts Own Motion May 17, 1979.

Charles W. Bobinette, Joseph B. Lavin, St. Louis, for plaintiff-appellant.

William F. James, Wuestling & James, St. Louis, for defendant-respondent.

Thomas E. Tueth, Lashly, Caruthers, Thies, Rava & Hamel, A Professional Corp., St. Louis, for amicus curiae.

SEILER, Judge.

In this case the plaintiff sought damages for injuries to her right hand and wrist resulting from an alleged battery by the defendant, a school teacher, in connection with the administration of corporal punishment as a means of discipline. It was further alleged that the teacher's conduct was in violation of regulation 3.540 promulgated by the Board of Education of the City of St. Louis pertaining to corporal punishment and was therefore unreasonable and unprivileged. The jury found for the defendant and plaintiff appeals.

The court of appeals, Eastern District, affirmed, adopting the view that portions of the Board of Education regulation pertaining to corporal punishment are void and unenforceable as contrary to the common law of the state of Missouri. While we ordered the cause transferred largely to consider this issue, we will treat the case as though it were here on original appeal.

On April 26, 1972, plaintiff, Haley Streeter was 12 years of age and a student in the fourth grade at the Chouteau Elementary School in the city of St. Louis. She had a history of disciplinary problems, having been suspended from the Hodges School for fighting and from two other schools for similar reasons, and was one of the ring leaders of an unruly and disobedient group of students in the class.

In January of 1972, the defendant, John L. Hundley, was assigned to teach plaintiff's class. He was the third teacher assigned to that class during the four months of September, 1971 to January, 1972. Because of the undisciplined nature of the class, Mr. Hundley brought several rattan sticks to the class shortly after taking it over for use in administering corporal punishment, if necessary. Although no written permission had been granted by the plaintiff's mother, Mr. Hundley administered corporal punishment to plaintiff on two occasions prior to the incident with which we

are concerned here. Both the plaintiff's mother and Mr. Hunter, the school principal, knew of these incidents but made no comment to defendant.

On April 26, 1972, plaintiff returned 55 minutes late from the lunch period and entered the cloakroom, a storage area for supplies and personal belongings, to which access was generally denied the students. After repeated requests to return to the classroom went unheeded, Mr. Hundley removed plaintiff from the cloakroom and put her in front of the class, in spite of her resistance and repeated cursing. Hundley told plaintiff to put her hands on the door knob of the closet where he kept the rattan sticks. Plaintiff either refused and kept her hands at her sides or if she did put them on the door knob, removed them after the switching started. Hundley took her by the left arm and, according to him, switched her on the buttocks three times. Plaintiff said he struck her "about eight" times on her arm, hand, buttocks and thigh. Both agreed that she was wriggling, squirming and twisting, trying to avoid him and that the injury complained of to her right hand and wrist occurred when she put her hand behind her to ward off a blow. The plaintiff then ran from the room, continuing to curse Mr. Hundley as she went. The entire occurrence took place in the presence of Mrs. Ella Pearson, a practice teacher.

Plaintiff contends that § 3.540 of the rules and regulations of the St. Louis Board of Education was promulgated under the specific statutory authority of §§ 162.621, 171.011, RSMo 1969,[1] and that its violation constitutes unauthorized and unreasonable punishment per se. Defendant, on the other hand, contends that the regulation is void and unenforceable as being inconsistent with the common law. In our judgment, neither contention is correct.

Section 3.540 states in pertinent part:
"3.540 CORPORAL PUNISHMENT

Should the occasion arise when the principal or teacher feels the necessity of using corporal punishment as a corrective measure, the following procedure is to be used:

A. *When Administered*

Corporal punishment may be administered whenever, after consultation of the principal with the teacher and one or both parents, it is considered necessary. Such punishment shall be administered only when a parent has given written consent for it. If at a later date, the parent wishes to withdraw the permission for corporal punishment, he shall send a second written communication to the principal. When corporal punishment is administered, either the principal may inflict it in the presence of the teacher or the teacher may inflict it in the presence of the principal. In exercising this authority, the principal or teacher shall use the greatest care with reference to the physical condition and temperament of the child.

B. *Manner of Administering Corporal Punishment* :

Any case of complaint of severity of punishment administered by a principal or teacher shall be adjudged upon its own merits.

1. Improper Manner: Striking a child on the head, slapping the face, boxing the ears, and other undue means of causing pain are strictly prohibited.

2. Proper Manner: The application of a thin rattan or some similar instrument upon the fleshy part of the back shall be the only method of administration."

---

1. Section 162.621, which pertains to a metropolitan school district, provides in part:

"The board of education shall have general and supervising control, government and management of the public schools and public school property of the district in the city and shall exercise generally all powers in the administration of the public school system therein. . . . The board of education may

(1) Make, amend and repeal rules . . . for the government, regulation and management of the public schools . . . in the city, . . ."

Section 171.011, which pertains to all school districts, provides in part:

"The school board of each school district in the state may make all needful rules and regulations for the organization, grading and government in the school district."

This court has long upheld the general authority granted boards of education to promulgate rules in the area of school discipline and student conduct, bounded by necessity and propriety as determined by the board. *Kraus v. Board of Educ. of Jennings*, 492 S.W.2d 783, 786 (Mo.1973); *State ex rel. Beaty v. Randall*, 79 Mo.App. 226 (1899); *Deskins v. Gose*, 85 Mo. 485 (1885); *King v. Jefferson City School Board*, 71 Mo. 628 (1880).

Here the defendant violated several of the provisions of subsection A of regulation 3.540. He did not first consult with the principal and the parents. He failed to ascertain if a parent had given written consent. He failed to have the principal present when he punished plaintiff. If such violations come within the terms of § 168.-221.3, RSMo 1969, the Board could have held him accountable. In *Board of Education, Mt. Vernon Schools, Mt. Vernon v. Shank*, 542 S.W.2d 779 (Mo.banc 1976) this court upheld the firing of a teacher under a similar statute pertaining to districts other than metropolitan school districts for willful and persistent violation of a board regulation concerning corporal punishment.

Plaintiff cites *Anderson v. Kraft*, 129 S.W.2d 85, 89 (Mo.App.1939), where the court was considering the effect of violation by a truck driver of safety rules promulgated by the Public Service Commission requiring the placing of red torches or flags in front of and behind stalled vehicles. Plaintiff, whose automobile collided at night with defendant's stalled truck, contended defendant's violation of the rules constituted negligence per se; plaintiff in the case before us argues that violation of a school board rule by a teacher should similarly make him "strictly liable."

■ However, for the analogy to hold (putting aside the fact that in the present case we are dealing with an intentional, not a negligent, tort) the purpose of the rule which has been violated must have been to avoid the sort of injury which occurred, *Sayers v. Haushalter*, 493 S.W.2d 406 (Mo.App.1973); *Endicott v. St. Regis Investment Co.*, 443 S.W.2d 122 (Mo.1969), and that is not the case here.

Subsection A of regulation 3.540 provides procedural conditions to be followed when corporal punishment is administered. Nothing in that section of the regulation was designed to prevent application of unreasonable force or violence in punishing a pupil. Even if the corporal punishment here had been administered in full compliance with subsection A, the injury complained of would not have been avoided.

It is subsection B of regulation 3.540 that sets forth how punishment, if necessary, is to be administered. It is here we find the provisions designed to prevent unreasonable force and injury: the teacher is not to strike the head, face, ears, or use "undue" means of causing pain. Instead, a thin rattan or similar instrument is to be applied only to the fleshy part of the back. The back, in humans, is the hinder part of the body, "extending from the neck to the end of the spine," Webster's Third International Dictionary 157 (1967). Blakiston's New Gould Medical Dictionary 134 (1966) defines back as "[t]he posterior part of the trunk from the neck to the pelvis." The fleshy part of the back is the buttocks, that portion of the hips on which a person sits, and about which the court in *Rupp v. Zintner*, 29 Pa.D & C. 625 (1937), noted: "nature has provided a part of the anatomy for chastisement." Plaintiff does not contend that switching so administered is, of itself, actionable. The complaint centers on injury to plaintiff's right hand and wrist. This injury, according to evidence presented by both sides, was caused by plaintiff's placing her right hand behind her to ward off punishment being administered in a manner fully consistent with that prescribed by subsection B of regulation 3.540.

■ Thus, even if we apply the negligence per se analysis plaintiff insists is required by analogy to *Anderson*, 129 S.W.2d at 89, there is no basis for finding liability as a matter of law because defendant complied with the only applicable portion of the regulation, subsection B. Rather, the question becomes one of fact as to the reasonableness of the punishment, for, as noted by

the court in *Haycraft v. Grigsby*, 88 Mo. App. 354, 359 (1901) "[t]he teacher has a right to inflict reasonable punishment for misconduct by whipping, but has no right to inflict unreasonable and excessive corporal punishment in that mode or any other." *See also Christman v. Hickman*, 225 Mo. App. 828, 37 S.W.2d 672 (1931); *Cook v. Neely*, 143 Mo.App. 632, 128 S.W. 233 (1910); 43 A.L.R.2d 469, 477 (1955). The jury found that defendant's act was reasonable, as submitted in instruction No. 3. Our remaining inquiry, therefore, is into whether this instruction provided the jury with the proper standard by which to judge defendant's conduct.

Plaintiff contends that instruction No. 3 failed properly to reflect the substantive law of Missouri in that it omitted language to the effect that a finding of excessive force on the part of defendant must result in a verdict for plaintiff. Instruction No. 3, a non-MAI instruction submitted at defendant's request, states:

"Your verdict must be for the defendant if you believe:

First, plaintiff was defendant's student and

Second, plaintiff engaged in classroom misconduct on April 26, 1972, and

Third, the corporal punishment administered by defendant was reasonable punishment for the classroom misconduct on April 26, 1972.

[Not MAI; modified, by defendant]"

 Plaintiff's contention focuses on the third paragraph of the instruction and appears to argue that the element of whether a reasonable degree of force was used should have been set out expressly, by use of the terms "necessary" or "excessive", with reference thereto. She relies on *Haycraft*, 88 Mo.App. at 358, and *State v. Boyer*, 70 Mo.App. 156 (1897). We note rule 70.02(e) provides a guide for instructions where there is no applicable MAI instruction: "Such instructions shall be simple, brief, impartial, free from argument, and shall not submit to the jury or require findings of detailed evidentiary facts." Thus the ultimate test of an instruction not in

MAI is whether it follows the substantive law and can be readily understood. *Kirkwood Medical Supply Co. v. Ann Patterson Enterprises, Inc.*, 511 S.W.2d 433, 435 (Mo. App.1974). We note that neither *Haycraft* nor *Boyer* uses the term "necessary" and that the phrase "not excessive" is commonly equated with "reasonable". Webster's Third New International Dictionary 1892 (1969), states: "Reasonable: being or remaining within the bounds of reason: not extreme: not excessive." Further, when the term "reasonable" is used it encompasses both the nature of conduct for which the punishment was administered and the severity of that punishment. *See* 43 A.L.R.2d, § 3 at 472 and cases cited; *see generally* factors listed in the Restatement Second of Torts, § 150 (1965).

We conclude that instruction No. 3 in form and substance properly framed the ultimate questions of fact that the jury must determine and that inclusion therein of the words "excessive" or "necessary" would merely have been redundant.

Lastly, plaintiff contends that defendant struck her in violation of the due process clause of the Fourteenth Amendment to the Constitution of the United States and therefore the punishment was unauthorized and unreasonable as a matter of law. Plaintiff relies on *Baker v. Owen*, 395 F.Supp. 294 (D.N.C.1975), *aff'd*, 423 U.S. 907, 96 S.Ct. 210, 46 L.Ed.2d 137 (1975). We believe that the issue is adequately answered by the recent case of *Ingraham v. Wright*, 430 U.S. 651, 97 S.Ct. 1401, 51 L.Ed.2d 711 (1977). In that case the Supreme Court stated:

"we find that corporal punishment in public schools implicates a constitutionally protected liberty interest, but we hold that the traditional common-law remedies are fully adequate to afford due process." *Id.* at 672, 97 S.Ct. at 1413.

 The Court concluded that: "the Fourteenth Amendment's requirement of procedural due process is satisfied by Florida's preservation of common law constraints and remedies." *Id.* at 683, 97 S.Ct. at 1419.

288

While in *Ingraham*, the Court apparently only specifically considered the necessity for notice and hearing, as opposed to the necessity for less formal procedural safeguards such as the presence of the principal, the clear import of the decision is that common law requirements of reasonableness afford the student all the protection required by the due process clause of the Constitution. Since this state, as discussed above, does preserve common law constraints and remedies on discipline of a student by a teacher, no due process violation has been shown.[2]

The judgment is affirmed.

MORGAN, C. J., BARDGETT, DONNELLY, RENDLEN, SIMEONE, JJ., and FINCH, Senior Judge, concur.

WELLIVER, J., not participating because not a member of the court when cause was submitted.

2. We thus conclude that *Ingraham* sub silencio overrules that part of *Baker v. Owen* which requires specific administrative safeguards, such as prior notice and hearing, before corporal punishment may be administered.