SHELTER MUTUAL INSURANCE
COMPANY, Respondent,

v.

Ronald and Patricia BRIGGS, et
al., Appellants.

No. WD 41350.

Missouri Court of Appeals,
Western District.

Oct. 9, 1990.

Motion for Rehearing and/or Transfer to
Supreme Court Denied Dec. 4, 1990.

Application to Transfer Denied
Jan. 9, 1991.

James P. Leonard of Padberg, McSweeney, Slater and Merz, St. Louis, for appellants.

Duane E. Schreimann of Hendren & Andrae, Jefferson City, for respondent.

Before MANFORD, P.J., and SHANGLER and CLARK, JJ.

MANFORD, Presiding Judge.

This is a civil suit for declaratory judgment seeking determination of duties and obligations, if any, pursuant to an alleged policy of insurance. A responsive pleading included a claim of reformation of the policy of insurance.

Pending this appeal, respondent, Shelter Insurance Company, filed a motion to dismiss premised upon the standing of appellants to present the appeal. This court, by a majority vote supported by a concurring opinion in contrast with a dissent filed, sustained the motion to dismiss. After the initial opinion, this cause was transferred to the Missouri Supreme Court. The Missouri Supreme Court reversed this court's ruling on the motion to dismiss and retransferred this cause to this court with instruction to dispose of all remaining issues. The ruling and the basis of same announced by the Missouri Supreme Court need not be repeated herein, as the same is expressed in *Shelter Mutual Insurance Company v. Briggs, et al.*, 793 S.W.2d 862 (Mo. banc 1990).

The pertinent facts are as follows:

On July 4, 1986, a collision occurred between two boats on the Lake of the Ozarks. One of the boats, a 1985, 31–foot, IMP boat, was operated by Thomas Stegeman. As a result of the collision, Angela Briggs, a minor, was killed. Brandy Briggs, also a minor, sustained serious personal injuries. The parents of Angela Briggs, Ronald and Patricia Briggs, have filed an action against Stegeman seeking monetary damages for the wrongful death of Angela. Brandy Briggs has filed an action by and through her mother and next friend, Kathy Briggs, seeking monetary damages for her personal injuries. Other passengers in the second boat involved in the collision apparently have made claims or have potential claims against Stegeman for their injuries.

At the time of the boating collision, Stegeman was a named insured under several insurance policies issued by Shelter Mutual Insurance Company (hereinafter Shelter Mutual). Stegeman demanded that Shelter Mutual acknowledge coverage for the collision and assume responsibility for settling claims and defending suits brought against Stegeman as a result of the collision. Shelter Mutual denied coverage and refused to assume responsibility on the grounds that Stegeman's boatowner's insurance policy was limited to coverage of a 1963, 24–foot, Riviera Outboard Boat, which was not involved in the collision.

Consequently, Shelter Mutual filed this declaratory judgment action against Stegeman seeking a declaration that the above-mentioned insurance policy provided no coverage for the collision and that Shelter Mutual had no duty to defend Stegeman or indemnify him in any suits brought against him as a result of the collision. All passengers in the boats involved in the collision, including Ronald and Patricia Briggs and Brandy Briggs, were deemed to have potential claims against Stegeman and were joined as defendants in the declaratory judgment action.

The cause was tried to a jury. The jury found that there was not a boatowner's insurance policy covering Stegeman's 1985, 31–foot, IMP boat in effect on the date of the collision. The court found that reformation of the insurance contract as prayed in Count II of Briggs' Counterclaim was not authorized and, therefore, denied. Based on the finding, the trial court declared that Shelter Mutual has no obligation to defend Stegeman against claims resulting from the collision, and has no obligation to indemnify Stegeman against any judgments or settlements arising from said claims.

Brandy Briggs, and Ronald and Patricia Briggs have appealed from the declaratory judgment. The appeals are consolidated. Thomas Stegeman[1], the insured, has not appealed.

1. Thomas Stegeman died after entry of the judg- ment. Barbara Stegeman, his widow and ap-

Prior to the trial of this cause, the trial court ruled, and correctly so, that respondent's agent, one Arden Wade, had authority to bind respondent on insurance contracts. This matter was never an issue at trial.

During the trial, respondent called Mr. Wade, who testified that he had been the insurance agent for Thomas Stegeman for several years. During this time with respondent insurer, Stegeman had insurance coverage on numerous automobiles, his farm operation, and several personal boats. Some fifty transactions were accounted for and in some nineteen instances, Wade signed the policy application for Stegeman.

The present controversy centered upon the question of insurance coverage on a thirty-one foot 1985 IMP boat, this boat being, of course, the one involved in the fatal accident mentioned above. The evidence indicated that Stegeman had a policy of insurance on a 1963 pontoon boat. The date of the application on this boat was May 18, 1981. Wade testified concerning the procedures followed in completing the policy application. The annual premium for the coverage on the 1963 pontoon boat was $93.00. Over the next four years, Stegeman engaged in disposing of boats and acquiring new ones. Each time, he would contact Wade regarding coverage. This informal procedure continued to the time of purchase of the 31–foot IMP boat in 1985. During this entire period, Stegeman continued to pay the annual $93.00 premium although the overall length and size of the succeeding boats increased.

Wade testified that Stegeman contacted him in 1986 and requested coverage for the IMP boat. According to Wade, Stegeman's wife was to supply necessary information regarding the size, etc., of the new boat. This information was never supplied. Wade testified that he could not recall ever having been told by Stegeman that he (Stegeman) had purchased a 31–foot boat until sometime in 1986. Insurance cover-

age, as the record reveals, was never formally placed with respondent Shelter.

Stegeman's testimony, in contrast to that of Wade, revealed that he (Stegeman) owned controlling interest and had been in the life insurance business for over thirty years. He stated that he continued to pay the $93.00 annual premium and he assumed that due to their past relations, Wade had the 31–foot boat covered with liability insurance. Stegeman had no recollection of Wade's request and assertion that Stegeman's wife was to supply necessary information on the 31–foot boat. It was Stegeman's testimony that he advised Wade he had not had the 1963 pontoon boat for years and in return, Wade assured him it would be alright and the latter (31–foot boat) would be covered. Stegeman further testified (aside from the initial policy on the 1963 pontoon boat) he never received any policy or coverage form referred to as a "deck sheet". Stegeman opined that all was as it should be since the premium notices he received merely referenced payment for "boat owners."

There was other evidence, but it does not directly relate to the issues raised in this appeal, so no specific account of it is made herein. This cause was tried to a jury. The jury returned its verdict, finding no boatowner's insurance policy covering the 1985 IMP 31–foot boat existed. The trial court accepted the jury's verdict. The trial court then ruled that based upon the jury's verdict, appellants' counterclaim for reformation should be and the same was denied. This appeal followed. Any additional facts deemed applicable to the disposition of this appeal will be considered *infra*.

Appellants present three points (with subpoints) which charge (1) the trial court erred in submitting Instruction No. 5, the verdict director, and Verdict A to the jury because said instruction and verdict together constituted a "general verdict" deciding the legal status of the parties which is improper in an action for declaratory judgment in that the court is charged with the

pointed personal representative of his estate, was ordered substituted for and in the place of Thomas Stegeman. Nonetheless, no appeal from the declaratory judgment has been filed by either Thomas Stegeman or Barbara Stegeman.

responsibility of determining the rights, liabilities and duties of the parties while the jury is to decide only questions of fact; (2) the trial court erred in submitting Instruction No. 5 to the jury because said instruction was an incorrect statement of the law and facts applicable to this case in that (A.) in paragraph fifth it improperly required a finding that Arden Wade and Thomas Stegeman had agreed to a "set premium" when the law is clear that an oral modification of an existing policy can be accomplished without an express understanding of each element where the facts and circumstances demonstrate an adequate meeting of the minds, (B.) in paragraph fifth it improperly required a finding that a *new* policy had been created in order for the jury to find that a policy of insurance was in effect on July 4, 1986 when the evidence clearly demonstrated an existing policy and the issue was whether said policy had been modified by the conduct of the parties, (C.) in paragraph fourth, it improperly required a finding that Arden Wade and Thomas Stegeman had agreed that the duration of the policy be the same as the original 1963 pontoon boat policy where the evidence unequivocally showed that the duration of the *original* policy was from April 10, 1981 to April 10, 1982 thereby misleading the jury and removing the issue of modification of an existing policy from the case, and (D.) in paragraph third it improperly required a finding that the coverage agreed to between Arden Wade and Thomas Stegeman was to be liability insurance in order for the jury to find that a policy of existence was in effect on July 4, 1986 when the evidence clearly demonstrated that under the terms of the existing policy coverage also existed for medical payments and physical damage, and (3) the trial court erred in entering judgment against appellants on Count II of their counterclaim seeking reformation of the existing policy because the trial court improperly based its findings on the verdict of the jury in that said verdict did not address the factual and legal issues necessary to determine whether reformation was appropriate under the evidence adduced at trial.

It should be noted that both the parties and the trial court were in a quandary as upon what theory or theories this cause was tried. During a lengthy conference, the trial court asked all the parties, via counsel, about their views regarding the theory of the case. Counsel for Stegeman stated it was a case of oral modification of an existing insurance policy. Remaining appellants concurred in that theory and also alleged a theory of contract reformation. Respondent's counsel asserted that appellants should elect to proceed upon the theory of either an oral (new) contract of insurance or reformation. During this discussion, it became obvious that the parties were aware or at least they professed an awareness that in the final outcome, the court and not the jury would decide the question. This conference, insofar as the record is concerned, ended without any agreement or clear determination, between the parties, regarding the theory upon which the case was tried and submitted. Upon review by this court, it is concluded (although correctly noted by the trial court during the conference mentioned above) that this cause was tried and submitted as follows:

Concerning the declaratory judgment portion of this cause, it was tried and submitted upon the theory of a new policy having been created by oral agreement.

■ Throughout this appeal, it has been respondent's position that these proceedings are solely in equity, thus placing the jury in an advisory capacity only. Respondent then concludes that any attack upon the verdict-directing instruction is not applicable in this appeal.

Declaratory judgment, as case history reveals, is a hybrid in our jurisprudence. A rather lengthy list of cases define it as an action sui generis with its historical affinity in equity. Translated, it means declaratory judgment is of its own kind or class and peculiar in nature.

Supreme Court Rule 87.06 and § 527.090, RSMo 1986 authorize trial by jury in declaratory judgment proceedings and further declare that fact issues shall be tried and determined as in other civil proceed-

ings. Thus, respondent's assertion that the jury herein as merely advisory is not applicable.

Against the foregoing factual account of these proceedings and the brief description of an action for declaratory judgment, this court now addresses the alleged errors of appellants. Since the major portion of appellants' charges include the verdict-directing instruction submitted at trial, it is necessary to set it forth in detail:

### INSTRUCTION NO. 5

You must find there was a policy of insurance in effect on July 4, 1986, if you believe,

First, that Arden Wade orally agreed on behalf of plaintiff, Shelter Mutual Insurance Company, to insure the 1985 31 foot IMP boat; and,

Second, that Arden Wade and defendant Stegeman agreed that the coverage was to be liability insurance; and,

Third, that Arden Wade and defendant Stegeman agreed that there would be $100,000.00 of liability insurance; and,

Fourth, that the duration of this oral policy would be the same as the original 1963 pontoon boat policy; and,

Fifth, that Arden Wade and defendant Stegeman agreed upon a set premium for this new policy of insurance.

■ It is noted that the foregoing instruction is not in M.A.I. The prescription for such instruction is controlled by Rule 70.02(e). The applicable and ultimate test as regards an instruction not in M.A.I. is whether it follows the substantive law and can be readily understood. *Bayne v. Jenkins*, 593 S.W.2d 519, 530 (Mo. banc 1980), citing *Streeter v. Hundley*, 580 S.W.2d 283, 287 (Mo. banc 1979).

■ Under their point (1), appellants argue for the adoption of special verdicts in declaratory judgment actions. While this is perhaps a meritorious argument in support of a more uniform approach to review of such cases, this argument is not directly applicable to the disposition of this appeal. Indeed, this court in *Crollard v. Northern Life Insurance Company*, 240 Mo.App. 355, 200 S.W.2d 375 (1947) addressed this issue of general verdicts versus special verdicts. This court, upon analysis, sees no reason to overrule *Crollard* as urged by appellants. If such a change is collectively deemed warranted, this court suggests the more appropriate approach is to persuade our State Supreme Court to implement such a change by a rule change. Appellants' point (1) is ruled against them.

■ Appellants' point (2) contains four subpoints, all of which are a direct attack on the verdict-directing instruction. Appellants first allege that said instruction was an incorrect statement of law and fact applicable to the present case.

Appellants argue that the declaratory judgment portion of this suit was tried and submitted upon the theory of an oral modification of the 1981 policy covering the 1963 pontoon boat. This court finds from the record, however, that this case was tried and submitted upon the theory of a new policy. Likewise, appellants are correct that such oral modification is permissible and that five elements are necessary for the establishment of the modification. These five elements are clearly spelled out in *Chailland v. MFA Mutual Insurance Company*, 375 S.W.2d 78, 81 (Mo. banc 1964) as being (1) the subject matter, (2) the risk insured against, (3) the amount, (4) the duration of the risk, and (5) the premium.

■ Appellants attack paragraph fifth alleging it improperly required a finding that the agent (Wade) and the insured (Stegeman) had agreed to a set premium when pursuant to *Chailland*, an oral modification can be accomplished without an express understanding of each element required where the facts and circumstances demonstrate an adequate meeting of the minds.

This court cannot agree with appellants that paragraph fifth required a finding that the agent and the insured expressly agreed upon a set premium, but rather, it required of the jury a finding that this element did exist under the facts and circumstances. The necessity for such a finding from the

facts and circumstances is required by *Chailland.* Appellants' point (2)(A.) is ruled against them.

It should be noted that before this cause was submitted and during the instructions conference, appellants' counsel asserted a new policy was originated by oral agreement. On this appeal, the argument is oral modification. Under *Chailland,* this difference is not material as the five elements are requisite in either case.

■ · In their point (2)(B.), appellants present the same basic argument, only in this instance, they say that paragraph fifth was erroneous in requiring the jury to find that a new policy was created and that the burden (which appellants contend was impossible) was placed upon appellants to prove a new policy.

This court cannot agree that by use of the term "new policy" in paragraph fifth misled the jury. The use of this term did not excuse or otherwise eliminate the requirement that all of the five elements, as outlined in *Chailland,* had to be found by the jury. Appellants' point (2)(B.) is ruled against them.

■ Under their point (2)(C.), appellants attack paragraph fourth, asserting that it improperly required a finding that the agent and the insured agreed that the duration of the policy would be the same as the original (1963 pontoon) 1981 policy. Appellants assert the evidence showed this original policy was from April 10, 1981 to April 10, 1982. Appellants are correct. Appellants then conclude this removed the issue of modification of an existing policy from the case and of course, would not permit a finding of any coverage on the date of the accident, July 4, 1986.

None of which has been asserted by appellants on this subpoint can be refuted. What appellants fail to acknowledge is there is no evidence relative to the duration of the modification they assert. Stated another way, there was no evidence to suggest, let alone establish that Wade and Stegeman agreed by their intentions or actions that the policy, if modified, would carry beyond the April 10th day. Stege-

man only offered his assumption of continual coverage. Wade, in his testimony, established that he waited for the description of the boat to complete the application. Assuming arguendo that an oral modification occurred, there is nothing in the evidence which reveals the duration of the risk was to extend beyond an April 10th date. Appellants cannot complain when the instruction was worded upon the only duration date in evidence, to wit, April 10th. They cannot correctly claim that Stegeman's assumption that the boat was covered through Wade was tantamount to the establishment of the duration of the risk. Paragraph fourth referenced the only time frame clearly established by the evidence as the duration of the risk. It was not error to have so worded the instruction. Appellants' point (2)(C.) is ruled against them.

■ Under point (2)(D.), appellants attack paragraph third, saying it misled the jury by requiring a finding that the coverage agreed upon between Wade and Stegeman was to be for liability coverage only when the original (1963 pontoon) 1981 policy provided extended coverage for medical payments and physical damage. Appellants urge that since the jury was allowed to see the original policy terms in an exhibit, the wording in paragraph third misled them. The simple fact is that Stegeman told the court and jury that he only sought liability coverage and nothing else. Paragraph third was correctly worded based upon Stegeman's testimony. There is no merit to appellants' assertion that paragraph third was not based upon the evidence. Appellants' point (2)(D.) is ruled against them.

■ This court has carefully reviewed the record herein. In addition, the verdict-directing instruction has been reviewed pursuant to Rule 70.02(e). Said instruction required of the jury a finding of the requisite elements as prescribed in *Chailland, supra.* The instruction was sufficient under the rules announced in *Bayne* and *Streeter, supra.*

Appellants' point (2) and all the subpoints thereof are ruled against them.

■ Under their point (3), appellants assert the trial court erred in entering judgment against them on their claim of reformation of the existing policy of insurance. They readily admit such claim is in equity.

Appellants present only generalized statements in support of this charged error, asserting the evidence established reformation except for their pointed assertion against the trial court's entry as to why it denied reformation.

The trial court ruled as follows:

Jury returns its verdict in open court finding as follows:

We, the undersigned jurors, find that there was not a boatowner's insurance policy covering a 1985 IMP 31 foot boat, Identification Number XMPY7814585, in effect on July 4, 1986.

Said verdict is signed by Craig A. Feather, Pamela A. Foresman, James M. Pasley, Carol J. Beach, Dorothy D. Copeland, Elizabeth B. Neuhalfen, Roy C. Cobble, Jr., Tom Patterson, Keith L. Carel, Betty M. Siebeneck, and Nancy L. Stucker.

The Court accepts said finding of the jury, and based thereon finds that reformation of the insurance contract as prayed in Count II of defendant Briggs' Counterclaim is not authorized. The Court finds all other facts in accordance with the judgment hereafter entered.

Based upon the above findings the Court concludes that plaintiff had no boatowner's policy in effect insuring the 1985 IMP 31 foot boat of defendant Stegeman on July 4, 1986, and that therefore plaintiff's Personal Umbrella Liability Policy Number 24–32–001038925–0001 in which defendant Stegeman is the named insured, provides no coverage for the claims being made against defendant Stegeman as a result of the boat accident of July 4, 1986, inasmuch as the 1985 IMP involved was over twenty-six (26) feet in length and there was no underlying liability insurance for such boat in force and no written request for insurance on such boat was received by the plaintiff within thirty (30) days after de-fendant Stegeman acquired ownership thereof. The Court further concludes that reformation of the insurance contract as prayed in Count II of defendant Briggs' Counterclaim is not authorized and should be denied.

Appellants conclude by asserting, "Such a finding is totally inadequate to address the issues raised by the counterclaim for reformation."

Respondent answers appellants' assertion with an oversimplified declaration that since findings and conclusions were not formally requested, appellants have no standing to challenge the court's ruling.

Remembering that this portion of this action is one exclusively in equity, this court reviews the same within the parameters prescribed for issues submitted exclusively to the trial court. Reformation, or that is the declaration of same or its denial, is a matter for the court and not a jury.

What is apparent, and this is directly due to the wording of the verdict form given the jury, is that the jury made a finding which was otherwise to be left with the trial court, to wit, that there was no insurance coverage on July 4, 1986. Regardless of the language involved, the fact remains the jury, pursuant to the instructions, made a finding of fact that no oral modification of the existing policy occurred, nor was a new policy established by oral contract. When that finding of fact was made, the trial court and this court, as well, was bound by that finding. Thus, judgment on the declaratory judgment portion of this action had to be entered upon that finding and this was done. *See Fidelity & Casualty Co. of N.Y. v. Western Cas. & Sur. Co.,* 337 S.W.2d 566 (Mo.App.1960), affirmed, 439 S.W.2d 906 (Mo.1969).

Turning to the judgment entry on the reformation claim, it is obvious the trial court arrived at the correct result, but based that result upon an erroneous basis. Reformation was sought upon or relative to an existing policy. The 1981–1963 pontoon policy was in evidence. The entire claim, including the reformation claim, was based upon the alleged conduct of Wade and Stegeman relative to the 1981 policy.

854

The jury factually determined no modification occurred, nor was any new policy created. The trial court incorrectly based its ruling on the reformation claim upon the jury verdict wording of no policy of insurance regarding the coverage of the boat involved in the July 4, 1986 collision. The issue was not whether there was a policy, but whether the existing policy had been orally modified or whether a new contract had been created orally, or if reformation had occurred.

As has been discussed, the verdict-directing instruction prescribed within the evidence what facts the jury was to decide. The problem arises in the wording of the verdict form. The wording problem aside, it is obvious the jury decided no oral modification occurred, nor was there any new policy orally created.

While, as noted, the result reached by the trial court was correct, it was nevertheless premised upon an incorrect basis. The trial court, in disposing of the reformation claim, based its ruling upon the jury's declaration of the nonexistence of a policy of insurance. While the trial court had authority to consider the jury's finding, it should have entered a finding against appellants on the reformation issue in turn based upon the failure of the evidence to support reformation, not on the declaration of the jury that no policy existed.

■ Since the claim of reformation is equitable by nature, this court can and has the obligation to review the entire matter anew, giving deference to the trial court on the question of credibility of the witnesses, the same as in any other court-tried matter. This court has conducted such a review. In such matters, this court is authorized to enter the judgment the trial court should have entered. Rule 73.01; *Ehrle v. Bank Bldg. & Equip. Corp. of America*, 530 S.W.2d 482 (Mo.App.1975). In addition, this court is bound to uphold the judgment of the trial court absent a belief that said judgment was wrong. *McComas v. Umlauf*, 641 S.W.2d 809 (Mo.App.1982). This court concludes the trial court judgment on the claim of reformation was correct, but as explained above, the court set forth the incorrect basis for said judgment.

In conclusion, it is the opinion of this court that the issue (pursuant to the declaratory judgment portion of the action) of an oral modification of a contract of insurance was properly submitted to the jury. The verdict-directing instruction, while not in M.A.I., sufficiently followed the substantive law and could have been readily understood by the jury. *Bayne* and *Streeter, supra.*

Furthermore, this court finds the judgment of the trial court regarding reformation, while correct, was premised upon the wrong basis. Therefore, pursuant to Rule 73.01 and authorities interpreting said Rule, this court set forth above the correct basis upon which the reformation portion of this action should have been based.

It is the conclusion of this court that the judgment entered herein is hereby affirmed in all respects.

All concur.